**Dorsula LEWIS, Plaintiff-Appellant,**

v.

**MILLSAPS COLLEGE,
Defendant-Appellee.**

**Jeanette EVANS, Plaintiff-Appellant,**

v.

**MILLSAPS COLLEGE,
Defendant-Appellee.**

No. 84–4225
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 13, 1985.

Abe A. Rotwein, Jackson, Miss., for plaintiff-appellant.

Watkins & Eager, John L. Low, IV, Jackson, Miss., for defendant-appellee.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

PER CURIAM:

Plaintiffs in this Age Discrimination in Employment [1] action were two janitorial employees of the defendant college, aged fifty-five and fifty-nine. They appeal to us from a judgment for defendant founded on a jury verdict that they were not discharged because of age, advancing two points for reversal.

---

1. 29 U.S.C. § 621 *et seq.*

In the first of these, appellants draw to our attention the severe impeachment at trial of their former supervisor by an affidavit that he had given to their attorney about two years after their discharge. In it he swore, among other things, that they were fired because his superior "thought he could get more work out of younger people."[2] At trial, he retracted the statement that age had caused their discharge, claiming that he made it because he was ill at the time of the statement, was himself seeking representation by the appellants' attorney, and was angry because by then he himself had been discharged by the same employer. It was his trial testimony that plaintiffs were fired because their work was unsatisfactory; there was considerable other, independent testimony to this same effect.

■ We need not write at length on this point. Evaluating the testimony of witnesses—even that of severely impeached ones—is the province of the jury. The jury chose to believe the supervisor's explanations of his prior inconsistent statement, along with other evidence that plaintiffs' work was unsatisfactory and that this, rather than age, was the reason for their discharge. This was the jury's traditional function, and it is not ours. *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969). There was substantial evidence to support the verdict at which they arrived; in such circumstances we will not disturb it.

■ Appellants' next complaint is of a passage in the charge where the court inadvertently transposed the parties: "On the other hand, if the Plaintiff establishes every essential element—the Plaintiffs establish every essential element of their case,

then it is your duty to find for the Defendants." This is said to have constituted a directed verdict for defendants, requiring a reversal. For several reasons, we are not persuaded. In the first place, the instruction was followed by a later one correctly explaining the plaintiffs' burden of proof and styling the parties properly. In the second, the error is so palpable and so directly counter to the drift and import of the charge viewed as a whole—and counter to the common knowledge even of laymen regarding the law—that we doubt the jury, assuming that the judge's slip registered on them, was misled. Nor did any juror indicate confusion or request clarification, as it seems would almost certainly have occurred had any been confused.

Finally, no objection was voiced by counsel, and hence the court was given no opportunity to correct this slip of the tongue. It would thus be necessary for us to view it as "plain error" before we could predicate a reversal upon it. Various formulations of the "plain error" exception to the requirement of a contemporaneous objection to jury instructions as a predicate for appellate review have been voiced by the courts. Rule 51, Federal Rules of Civil Procedure, contains no such exception, but is on its face absolute: no objection, no reversal.[3] Nevertheless, we have on occasion indicated that in egregious instances, even in civil cases, we could notice and reverse for such error, usually in dicta where we refused to do so. An example is *Liner v. J.B. Talley and Co.*, 618 F.2d 327, 329–30 (5th Cir.1980), in which, declining to reverse, we pointed out our great reluctance to entertain on appeal complaints of

**2.** It also averred contradictorily that "their work was completely satisfactory" and that they could not care for the floors "because it took heavy machinery" that they had not been trained to use.

**3.** **RULE 51. Instructions to Jury: Objection**
At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court

shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

errors which the trial court was given no opportunity to consider or correct.

Whatever such power we may possess in civil cases, it is clearly more limited than our corresponding power in criminal cases, where life and liberty are at stake and where express provision is made for such review by Rule 52(b), Federal Rules of Criminal Procedure.[4] Regarding such review even in those cases, the Supreme Court has quite recently made plain that the standard is rigorous:

> The plain error doctrine of Federal Rules of Criminal Procedure 52(b) tempers the blow of a rigid application of the contemporaneous objection requirement. The Rule authorizes the Courts of Appeals to correct only "particularly egregious errors," *United States v. Frady,* 456 U.S. 152, 163 [102 S.Ct. 1584, 1592, 71 L.Ed.2d 816] (1982), those error that "seriously affect the fairness, integrity or public reputation of judicial proceedings," *United States v. Atkinson,* 297 U.S. [157] at 160 [56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)]. In other words, the plain error exception to the contemporaneous objection rule is to be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Frady, supra,* [456 U.S.] at 163, n. 14 [102 S.Ct. at 1592]. Any unwarranted extension of this exacting definition of plain error would skew the Rule's "careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed." *Id.,* at 163 [102 S.Ct. at 1592] (footnote omitted). Reviewing courts are not to use the plain error doctrine to consider trial court errors not meriting appellate review absent timely objection—a practice which we have criticized as "extravagant protection." *Henderson v. Kibbe,* 431 U.S. 145, 154, n. 12 [97 S.Ct. 1730, 1736, n. 12,

52 L.Ed.2d 203] (1977); *Namet v. United States,* 373 U.S. 179, 190 [83 S.Ct. 1151, 1156, 10 L.Ed.2d 278] (1963).

*United States v. Young,* — U.S. —, —, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985) (footnotes omitted).

Even were our power to reverse for such error, then, as extensive in civil appeals as in criminal ones, it is clear that the slip of the tongue complained of today would not rise to such a level of scandalous egregiousness as to justify a reversal. As we have observed, it is very doubtful that the jury—instructed by arguments of counsel and by the charge as a whole—were confused by it. Indeed, since neither counsel noticed it, we doubt that the jury did so either and we are satisfied that if it did, it was not misled.

AFFIRMED.

---

4. **RULE 52. Harmless Error and Plain Error**

    \* \* \*

  (b) Plain Error. Plain errors or defects affecting substantial rights may be noticed al-

though they were not brought to the attention of the court.