859 F.2d 151
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Edgar N. MORRISON, a/k/a Naftie, Defendant--Appellant.
 No. 87-5568.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 13, 1988.
Decided Sept. 15, 1988.
 
 Fred Warren Bennett, Stephen J. Cribari, Federal Public Defender's Office, for appellant.
 William A. Kolibash, United States Attorney, Thomas Oliver Mucklow, Assistant United States Attorney, for appellee.
 Before K.K. HALL, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edgar Morrison appeals his convictions, by a jury, of two counts of distribution of cocaine (21 U.S.C. Sec. 841(a)(1)) and one count of distribution of cocaine within 1000 feet of a public school (21 U.S.C. Sec. 845(a)). Morrison seeks a new trial based on two instances of alleged improprieties in the prosecutor's closing remarks to the jury. We affirm.
 
 
 2
 The charges against Morrison[1] concerned three separate drug transactions. The government alleged that (1) on September 11, 1986, Morrison distributed cocaine to an informant, David Price, and an undercover officer, Deborah DiFalco ("Count One"); (2) on September 12, 1986, Morrison distributed cocaine to David Price, by himself ("Count Two"); and (3) on September 24, 1986, Morrison distributed cocaine to David Price, by himself, within 1000 feet of a public school ("Count Three").
 
 
 3
 In support of its case, the government adduced the testimony of Price, DiFalco, and a number of experts to establish the nature of the illegal substance bought by Price and DiFalco and also to establish proximity of the sale within 1000 feet of a public school. On the other hand, the defense focused on challenging the credibility and motives of Price, whose purchases of cocaine in Counts Two and Three were unauthorized and unmonitored by the government, and by suggesting that the real culprit was Delancy Duconnel Grant, not Morrison. See n. 1.
 
 
 4
 Against this background, the prosecutor made the following remark in his closing argument:
 
 
 5
 So even though there were no drugs on the table, so to speak, the government proved to you, and I submit there is no evidence to the contrary, that cocaine was distributed on those two other occasions.[2]
 
 
 6
 Defense counsel interposed no objection to these comments. Later, in his rebuttal argument, the prosecutor also made this remark:
 
 
 7
 Well, he [Delancy Duconnel Grant] is not here. We didn't bring him in. The defendant didn't bring him in.
 
 
 8
 Again, defense counsel made no objection.
 
 
 9
 As the government urges, we begin our analysis by noting that because there was no objection to the prosecutor's argument at trial, Morrison has a peculiarly high burden on appeal. In this respect, our review is limited to "plain error." Fed.R.Crim.P. 52(b). We use the plain error rule only to correct errors that are "particularly egregious," United States v. Frady, 456 U.S. 152, 163 (1982), or that "seriously affect the fairness, integrity, or public reputation of judicial proceedings," United States v. Atkinson, 297 U.S. 157, 160 (1936). See generally United States v. Young, 470 U.S. 1 (1985). Our inquiry, therefore, focuses not on the propriety of the challenged comments, but rather, whether those comments amount to "plain error." See United States v. Young, 470 U.S. at 6. With these principles in mind, we turn to the substance of Morrison's claims.
 
 
 10
 It is established that prosecutorial comment on a defendant's failure to testify at trial is improper. See Griffin v. California, 380 U.S. 609 (1965). The first issue here is simply whether the prosecutor's first comment--"and I submit there is no evidence to the contrary"--falls within the ambit of the Griffin prohibition. We do not believe that "the language used [was] manifestly intended to be, or was ... of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Percy, 765 F.2d 1199, 1204-05 (4th Cir.1985). A comment that the defendant's participation in the crime remained "unrefuted and unrebutted" is permissible, Id. at 1204,[3] and, the comment here, with no objection at trial, is proper as well.
 
 
 11
 As to the second comment by the prosecutor, referring to the failure of Morrison to produce the elusive Delancy Duconnel Grant, Morrison claims that this comment impermissibly tends to shift the burden of proof to the defense. See United States v. Pollard, 790 F.2d 1309 (7th Cir.1985). In analyzing this type of claim, there are two distinct issues to be evaluated: one, whether the prosecutor's behavior was error, and two, if so, whether it is so prejudicial as to be reversible error. Id. at 1314. We conclude that the prosecutor's second comment is error because the prosecutor may only comment on defense counsel's failure to call a witness "if such witness is peculiarly within the opposing counsel's power to produce and if that witness' testimony would elucidate the issues," Id., and no such showing was made.
 
 
 12
 Nonetheless, we decline to reverse on these facts. It is clear that the isolated comment by the prosecutor was only in response to defense counsel's earlier argument and was never objected to at trial. Thus, the prejudice to Morrison, if any, was minimal and Morrison is not entitled to a new trial. See United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983). Moreover, even if this comment was improper, it did not cause a miscarriage of justice and does not amount to plain error. United States v. Frady, supra.
 
 
 13
 Finding that the facts and legal arguments are adequately presented in the briefs and record, that the decisional process would not be aided significantly by oral argument, and that Morrison's contentions are without merit, we dispense with oral argument pursuant to Fed.R.App.P. 34(a).
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Originally, the government charged "DELANCY DUCONNEL GRANT a/k/a NAFFIE," as the defendant, but superseded that indictment to charge "EDGAR MORRISON a/k/a NAFTA a/k/a NAFTIE" as the lone defendant
 
 
 [2]
 The "two other occasions" refers to the two sales that Price undertook by himself
 
 
 [3]
 Defense counsel properly objected to the comment at issue at trial in Percy. 765 F.2d at 1204