918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond C. COHEN, Defendant-Appellant.
 No. 90-1241.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond Cohen ("defendant") was indicted for and convicted of illegally uttering and publishing Treasury checks in violation of 18 U.S.C. Sec. 510, and obstruction of correspondence in violation of 18 U.S.C. Sec. 1702. At trial, the government cross-examined defendant and sought to attack his credibility by asking questions based on a judicial opinion in a previous case in which defendant was a party. On appeal, defendant contends that the District Court erred by allowing this cross-examination. For the following reasons, we AFFIRM the conviction of defendant.
 
 
 2
 In February 1989, defendant sold an automobile to Ralph Conner ("Conner") and Christina Mills ("Mills"). Defendant drafted a purchase and sale agreement to memorialize this sale. In April 1989, defendant took Treasury checks sent to Conner and Mills from the mail and endorsed the payee's name on each check. Defendant subsequently attempted to negotiate these checks at a bank, but the bank refused to accept them. Federal authorities notified Conner and Mills of defendant's actions.
 
 
 3
 Having been caught in the act, defendant took steps to make his prior actions appear legal. Initially, defendant asked Conner and Mills to execute a power of attorney which authorized him to take their Treasury checks out of the mail and cash them in order to pay the debt owed under the purchase and sale agreement. Conner and Mills refused. Defendant then typed a provision into the purchase and sale agreement which gave him authority to take the Treasury checks out of the mail and negotiate them.
 
 
 4
 During this same period, defendant, acting as a manager at a motel, accepted cash from a tenant and issued a bogus rent receipt, but did not credit the tenant's motel account. To justify this action, defendant produced a purchase and sale agreement which purported to sell to this tenant the same car that was sold to Conner and Mills. The agreement contained a provision that exonerated defendant for his prior actions, including a description of "sample rent receipts."
 
 
 5
 At trial, defendant testified on direct examination about his previous business exploits and his business acumen acquired therefrom. The government sought to attack defendant's credibility during its cross-examination. Using a judicial opinion from a civil case involving defendant, the government attorney asked whether defendant had committed a number of dishonest acts. The judge in the civil case had found that he did. Defendant denied that he had done these acts. During the examination, defendant asked that he be given a copy of the opinion of the judge in the civil case and he was given a copy. The government referred to and quoted from the opinion, but did not introduce the opinion into evidence. Defendant denied committing any acts referred to in the government's questions. He did state that the court's opinion in the civil case recited that he lied to it and had attempted to mislead it in his testimony.
 
 
 6
 Defendant contends that the District Court erred in allowing this cross-examination because Rule 608(b) of the Federal Rules of Evidence[1] prohibits the use of a judicial opinion in this manner. We note that defendant failed to raise a timely objection to the use of this opinion at trial. See Fed.R.Evid. 103(a)(1). Indeed, counsel for appellant acknowledges that he had permitted the findings of fact of the judge in the civil trial to be inquired into, but objected to the judge's conclusions drawn from those facts. At no time did he object to the trial judge's opinion on the ground that it was extrinsic evidence. Consequently, we must determine whether the decision of the District Court constituted plain error.[2]
 
 
 7
 Rule 52(b) of the Federal Rules of Criminal Procedure authorizes Courts of Appeals to correct "[p]lain errors or defects affecting substantial rights ...." See United States v. Frady, 456 U.S. 152, 163 (1982) (stating that "Rule 52(b) was intended to afford a means for the prompt redress of miscarriages of justice"). Plain errors are errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings." See United States v. Atkinson, 297 U.S. 157, 160 (1936). The Supreme Court has stated that "the plain-error exception ... is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.' " United States v. Young, 470 U.S. 1, 15 (1985) (quoting Frady, 456 U.S. at 163 n. 14). The Supreme Court has noted that federal courts have interpreted this standard to require the error not only to seriously affect substantial rights, but to have "an unfair prejudicial impact on the jury's deliberations." Id. at 17 n. 14.
 
 
 8
 We conclude that no substantial rights of defendant were affected during the cross-examination of defendant and thus no plain error occurred. Fed.R.Crim.P. 52(b); see United States v. Neuroth, 809 F.2d 339, 342 (6th Cir.)., cert. denied, 482 U.S. 916 (1987). The record contains ample evidence of defendant's guilt: Conner and Mills testified that defendant took their Treasury checks from the mail without their permission; the bank teller testified that defendant forged the payees' names on the checks in his attempt to negotiate them; and defendant admitted at trial that he took the checks from the mail and attempted to negotiate them. Therefore, the prosecutor's use of the judicial opinion during cross-examination did not affect materially the jury's decision.
 
 
 9
 For the foregoing reasons, we AFFIRM the conviction of defendant.
 
 
 
 [1]
 Rule 608(b) provides:
 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
 
 
 [2]
 Because we decide this case under the plain-error doctrine, we express no opinion regarding the propriety under Rule 608(b) of reading from a prior judicial opinion during the cross-examination of a witness