**STATE OF HAWAIʻI**, Plaintiff–Appellee, v. **BRIAN S. SHIROMA**, Defendant–Appellant

NO. 15864

(CR. NO. 90–2405)

MAY 25, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Brian S. Shiroma (Shiroma) was charged with (1) Terroristic Threatening in the First Degree, Hawaiʻi Revised Statutes (HRS) § 707–716(1)(d); (2) Sexual Assault in the Third

Degree, HRS § 707–732(1)(e); and (3) Kidnapping, HRS § 707–720(1)(d). All three charges allegedly involved the same female victim (the Woman). The jury found Shiroma guilty of the lesser–included offenses of Terroristic Threatening in the Second Degree, HRS § 707–717 (1985), and Unlawful Imprisonment in the Second Degree, HRS § 707–722 (1985), but not guilty of Sexual Assault in the Third Degree. Shiroma appeals the December 12, 1991 judgment entered in accordance with the jury's verdict. We affirm.

## I.

The circuit court unlawfully used a twenty–two person "struck jury" method to impanel the jury. *See State v. Echineque*, 73 Haw. 100, 828 P.2d 276 (1992). If Shiroma had objected to this method of jury selection, we would be compelled to reverse. Since Shiroma did not object, the question is whether the use of the "struck jury" method to select the jury was plain error. HRS § 641–16 (1985); Hawai'i Rules of Appellate Procedure Rule 28(b)(4)(D). An error is plain error if it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings[,]" *State v. Fox*, 70 Haw. 46, 56, 760 P.2d 670, 676 (1988) (*quoting United States v. Atkinson*, 297 U.S. 157, 160, 56 S. Ct. 391, 392, 80 L. Ed. 555 (1936)), or affected the substantial rights of the appellant. HRS § 641–16 (1985).

In the absence of HRS § 641–16's mandate, the "struck jury" method would be a reasonable method to select the jury. Shiroma participated in the selection of the jury and did not object to any of the 12 jurors who heard the evidence and rendered the verdict. The jury that rendered the verdict was fair and impartial. The fact that the jury was not selected as required by HRS § 635–26(a) did not negatively and seriously affect the fairness, integrity, or public reputation of Shiroma's jury trial. Neither did it affect Shiroma's substantial rights. Therefore, the trial judge's error in the process used to select the jury was not plain error.

## II.

Shiroma contends that the trial court allowed the State, over his objection, to violate Hawai'i Rules of Evidence (HRE) Rule 404(b). That rule states as follows:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible where such evidence is probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

The Hawai'i Supreme Court has explained the trial court's duty under HRE 404(b) in relevant part as follows:

> Yet even when the evidence of other crimes, wrongs or acts tends to establish a fact of consequence to the determination of the case, the trial court is still obliged to exclude the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Haw. R. Evid. 404(b) Commentary (quoting the House Judiciary Committee Report accompanying the Federal Rules of Evidence).

> * * *

> As we observed, when evidence of other crimes, wrongs, and acts is offered by the prosecution, the problem for the trial court is one "of classifying and then balancing[, if necessary]." E. W. Cleary, [McCORMICK ON EVIDENCE § 190 (3d ed. 1984)]. If its purpose is only "to show some propensity to commit the crime at trial, there

is no room for ad hoc balancing. The evidence is then unequivocally inadmissible[.]" *Id.* If it is probative of any other fact of consequence in the determination of the case, the court must then consider whether the prejudicial impact of the evidence would be substantially greater than its probative worth. And,

> [i]n deciding whether the danger of unfair prejudice and the like substantially outweighs the incremental probative value, a variety of matters must be considered, including the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the . jury to overmastering hostility.

*Id.* (footnote omitted).

*State v. Castro*, 69 Haw. 633, 643–44, 756 P.2d 1033, 1041 (1988).

In Shiroma's case, the Woman and Shiroma had dated for several weeks and had been sexually intimate. The Woman lived in an apartment in a secured building. Shiroma needed the Woman's assistance to enter the building and the apartment. The alleged crimes occurred after the Woman told Shiroma over the phone that she was terminating their relationship. Approximately three hours after that phone conversation, Shiroma went to the Woman's apartment. The alleged crimes occurred during that phone conversation and/or in the Woman's apartment. No persons other than Shiroma and the Woman witnessed the alleged crimes.

Shiroma denied committing the alleged crimes. He testified that the Woman was lying. He argued and sought to prove that her reason for terminating their relationship and her motive for falsely

accusing him of committing crimes against her was that she was extremely angry with him for dating another female while he was dating her and for falsely denying his non–exclusivity when she queried him about it. He testified that he was merely the apologetic defender and she was the outraged, hysterical aggressor.

Shiroma's defense compelled the State to introduce additional evidence of the Woman's credibility to explain her actions and reactions to Shiroma's words and actions before, during, and after his alleged crimes against her. Therefore, the State introduced evidence that the Woman's reason for terminating her relationship with Shiroma was not jealousy, but fear, based on her knowledge that Shiroma was connected to the business of drug dealing and collecting monies due for drug deals, and associated with physically big men involved in that business.

The trial judge implicitly decided that the State's need to prove the Woman's knowledge of Shiroma's connection to the business of drug dealing and collecting monies due for drug deals, and of his association with physically big men involved in that business, was not substantially outweighed by its possible prejudicial impact. To the extent that the trial judge's implicit decision is a finding of fact, it is not clearly erroneous. To the extent that it is an exercise of discretion, it is not an abuse.

## CONCLUSION

Accordingly, we affirm the circuit court's December 12, 1991 judgment convicting defendant Brian S. Shiroma of Terroristic Threatening in the Second Degree and Unlawful Imprisonment in the Second Degree.

*Clayton C. Ikei* on the brief for defendant–appellant.
*James H. S. Choi*, Deputy Prosecuting Attorney, on the brief for plaintiff–appellee.