## UNITED STATES v. ATKINSON.

No. 265. Argued January 8, 1936.—Decided February 3, 1936.

*Mr. Will G. Beardslee,* with whom *Solicitor General Reed* and *Messrs. Wilbur C. Pickett, Fendall Marbury,* and *W. Marvin Smith* were on the brief, for the United States.

*Mr. Warren E. Miller,* with whom *Mr. A. H. Culwell* was on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This case was brought here on certiorari to review a determination of the Court of Appeals for the Fifth Circuit, said to be inconsistent with our decision in *Miller* v. *United States,* 294 U. S. 435. The challenged holding is that there is statutory authority for including in contracts of United States government insurance (converted war risk insurance) covering death or total permanent disability a provision that "the permanent loss of hearing of both ears . . . shall be deemed to be total disability." The case was tried in the district court to a jury which rendered a verdict for the plaintiff, respondent here. Judgment in his favor was affirmed by the Circuit Court of Appeals for the Fifth Circuit, 76 F. (2d) 564, which held that the insertion in the policy of the quoted definition of total disability, pursuant to Veterans' Administration Regulation, § 3122, was authorized by 43 Stat. 624, 1309, 38 U. S. C., § 512.[1]

The government, by its assignment of errors here, assails, as it did in the court below, the correctness of

---

[1] "§ 512. Not later than July 2, 1926, all term insurance held by persons who were in the military service after April 6, 1917, shall be converted, without medical examination, into such form or forms of insurance as may be prescribed by regulations and as the insured may request. Regulations shall provide for the right to convert into ordinary life, twenty-payment life, endowment maturing at age sixty-two, and into other usual forms of insurance, . . . Provisions for maturity at certain ages, for continuous installments during the life of the insured or beneficiaries, or both, for cash, loan, paid up and extended values, dividends from gains and savings, and such other provisions for the protection and advantage of and for alternative benefits to the insured and the beneficiaries as may be found to be reasonable and practicable, may be provided for in the contract of insurance, or from time to time by regulations. . . ."

this ruling, but examination of the record discloses that no such objection was presented to the trial court. In consequence the government is precluded from raising the question on appeal.

The trial judge instructed the jury that respondent might recover either on the theory that his loss of hearing constituted in fact a permanent disability preventing his pursuit of any substantially gainful occupation, or that his loss of hearing of both ears, if permanent, was a permanent disability as defined by the policy. The jury was thus left free to return a verdict for respondent if it found that he had suffered permanent loss of hearing of both ears, regardless of its effect upon his ability to earn his livelihood. The government failed to question the correctness of these instructions either by exception or request to charge, and its motion for a directed verdict was upon other grounds not now material.

The verdict of a jury will not ordinarily be set aside for error not brought to the attention of the trial court. This practice is founded upon considerations of fairness to the court and to the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact. *Beaver* v. *Taylor,* 93 U. S. 46; *Allis* v. *United States,* 155 U. S. 117, 122, 123; *United States* v. *United States Fidelity & Guaranty Co.,* 236 U. S. 512, 529; *Guerini Stone Co.* v. *Carlin Construction Co.,* 248 U. S. 334, 348; *Pennsylvania R. Co.* v. *Minds,* 250 U. S. 368, 375; *Burns* v. *United States,* 274 U. S. 328, 336; see *Shannon* v. *Shaffer Oil & Refining Co.,* 51 F. (2d) 878, 880. It is substantially that adopted by Rule 10, Subdivision 1, of the rules of the Court of Appeals for the Fifth Circuit, which requires the party excepting to the charge "to state distinctly the several matters of law" to which he excepts, and directs that "those matters of law, and those only, shall be inserted in the bill of exceptions."

In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings. See *New York Central R. Co.* v. *Johnson,* 279 U. S. 310, 318; *Brasfield* v. *United States,* 272 U. S. 448, 450. But no such case is presented here. The judgment must be affirmed for the reason that the error assigned was not made the subject of appropriate exception or request to charge upon the trial.

*Affirmed.*