## ST. PAUL FIRE & MARINE INS. CO. v. KAUFMAN COMPRESS CO. *

### No. 8322.

Circuit Court of Appeals, Fifth Circuit.
Dec. 8, 1937.

L. E. Elliott and O. D. Brundidge, both of Dallas, Tex., for appellant.

Dan MacDougald, of Atlanta, Ga., and Austin Y. Bryan, Jr., of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was on a fire policy issued by defendant, appellant, as insurer, to plaintiff, appellee, as assured. It covered cotton in bales owned or held by the assured in trust or on commission, or on storage for the account of customers while contained in appellee's warehouse. The claim was that, while so covered, many bales of cotton were, on September 18, 1935, destroyed by fire.

Defendant admitted making the contract. Its defense was breach by (1) violation of the "no other insurance" clause; (2) the failure to keep the records the contract required. In addition, it put plaintiff upon proof of the value of the destroyed cotton.[1]

Tried to a jury upon voluminous pleadings and testimony and a comprehensive general charge, there was a verdict for plaintiff.

---

[1] In his charge to the jury the District Judge stated defendant's case thus:

"The defendant says that it issued a policy of insurance substantially as described by the plaintiff, to the Kaufman Compress Company, but that in that contract of insurance it provided that there should be no other insurance on the property that was stored with the compress company, and likewise, that certain records must be kept by the compress company, in order to make the contract enforceable and workable. It charges that the contract was violated in those two respects, namely, that other insurance was secured on the same commodity and that the insured failed to keep the records.

"The plaintiff claims that this destroyed cotton was of the actual cash value of a certain sum. The defendant denies that allegation. So with this cursory review, as brief as it is, we discover and you and the Court have at least three issues to settle. We won't have any trouble in finding that there was an in-

*Rehearing denied 94 F.2d 744.

This appeal brings the proceedings up for review, and reversal of the judgment, not, however, upon grounds put forward in the trial, and called to the attention of the trial judge, but, except as to the amount of recovery, upon grounds wholly new, presented and urged for the first time in this court. The first of these grounds is, that clause 12, the "Record Warranty Clause" limited the coverage to cotton as to which "the assured has specifically assumed liability in case of loss or damage by fire * * * and prior to the occurrence of any loss or damage for which claim is made under this policy, has issued to the owner of the property a written receipt or certificate assuming such liability"; that plaintiff had not assumed nor issued a receipt assuming liability for loss or damage by fire as to the cotton in question, but, on the contrary, had issued a printed warehouse receipt providing "the Kaufman Compress Company is not responsible for loss or damage by fire * * * no insurance of any kind is carried on this bale by the insured" with an indorsement stamped on the bottom of it "insurance on the goods covered by this receipt will be delivered to the party named, or to his order or bearer," which was wholly insufficient to effect an assumption.

The second ground it presents is that if the stamped indorsement operated to give appellee any insurance, it was not insurance on cotton, but insurance against its liability for failing to effect insurance on the cotton covered by the stamped receipts, and, Commodity Credit having effected insurance on the same cotton with the Hartford Insurance Company, there was no loss for which the Compress Company could be held liable.

The third ground, and this is ancillary to the second, is that Commodity Credit and Hartford, having agreed to hold appellee harmless in consideration of its permitting Hartford to prosecute this suit in its name, appellee was thereby discharged of liability for failing to effect insurance, and, there being no loss on account of the risk the policy insured against, there could be no recovery on the policy, except for premiums paid, and these were not sued for.

The fourth ground is, that the only evidence as to the weights of the cotton recovered for, was the warehouse receipts, and that therefore the weights of the cotton, on which the damages were based, were insufficiently proven to support the verdict.

All of these grounds are put forward here under the claim that either the general demurrer, which was overruled, or the motion for instructed verdict, which was denied, raised and saved them.

The claim on the general demurrer is that, though the pleading charged generally that there was an assumption of liability by the Compress as to the bales in question, bringing them within the coverage, the receipt stamped "insured" on which the general allegations were based did not accomplish an assumption, and therefore there was a failure, except by way of conclusion, to plead what under the policy was essential to recovery, that there had been an express assumption.

The primary claim on the denial of the motion for instructed verdict is that, while there was a great deal of evidence as to what the company intended, and as to what its agents did and said in connection with the issuance of the policy, the stamped warehouse receipt on which the plaintiff's claim was ultimately based showed not the required assumption of liability, but the exact contrary, and because it did, a verdict should have been directed.

The subordinate claim on the denial of the motion is that, if any insurance was effected by the issuance of the stamped receipts, it was not insurance on the cotton, but only against liability for failing to insure, and that in view of the insurance effected by the Commodity Credit Corporation with Hartford, and the agreement of

---

surance policy issued, but those three issues are whether there is or was other insurance upon the cotton; whether the provisions of the contract with reference to what the insured must do, as to the keeping of records whether that was performed, and whether any of those provisions with reference to records if they were not kept, whether such failure to keep them were waived by the defendant company. Third, of course, the value, actual cash value of the cotton,

so alleged to have been destroyed by fire on September 18, 1935, if you find that the defendant is liable under this contract."

To this statement of the issues no objection was made, no exception taken by defendant, defendant, at the conclusion of the charge, saying: "The only exception the defendant desires to make is to that part of the charge of the court that under the law, there was no other insurance."

those companies to hold appellees harmless, the Compress was under no liability for failing to insure, and there could be no recovery on the St. Paul policy.

The final point on the denial of the motion is the point against the sufficiency of the evidence as to the cotton weights.

Appellee meets all of these grounds, except the last, that of the insufficiency of the evidence on weights, with the sweeping claim that appellant, having tried the case throughout on the assumption that the cotton in suit was covered by its policy, it may not now be heard, by urging these grounds against the judgment, to put forward an entirely contrary contention.

Insisting that appellant could have accepted, as full compliance with its policy, the warehouse receipts which bore the stamp its agent had devised to effect the coverage, and that it did accept them, not only in the issuance of the policy, and in the negotiations following the loss, but throughout the trial itself, the claim of no liability made there, being based entirely upon other grounds, it argues that appellant may not now, for the first time in the appellate court, deny that the cotton was effectively covered by its policy.

Answering each ground upon its merits, appellee insists that its pleadings fully alleged compliance by the Compress Company with the coverage provisions of the policy, and its proof fully established it. It insists that the insurance was effected by agents of the defendant upon a form devised by them, under circumstances which effectively estop defendant from claiming that the general coverage, the policy provided, was limited by any deficiency in the warehouse receipt form it had prepared. It urges upon us, too, that the receipt, taken as a whole, under the circumstances of its issuance in connection with the loan transactions the Commodity Credit Corporation was carrying out, was completely effective to bring the cotton within the policy coverage.

As to the subordinate and alternative grounds labored by appellant, that if any insurance was effected it was only insurance against liability for failing to insure, and as such was discharged by the action of Commodity Credit and the Hartford Company in first effecting insurance on the cotton, and later in discharging the Compress Company, appellee points to a record which shows overwhelmingly that no such liability insurance was contemplated, attempted, or effected, but, on the contrary, every one concerned, including especially appellant, understood that its policy was written as primary insurance on the cotton.

Appellee insists, therefore, that it is wholly beside the mark for appellant to now say that by taking out "errors and omissions" insurance with Hartford, and subsequently making the agreement it did with appellee for the prosecution of this suit, Commodity Credit and Hartford discharged the Compress Company from any liability for not having effected insurance, and therefore the defendant, from further obligation on its policy.

Appellee answers the final ground urged by appellant, that the weights were not sufficiently proven, by pointing out that the warehouse receipts, with the actual weight certificates, were admitted in evidence without objection, and on the trial were accepted by the parties as a sufficient showing of weights. No contrary evidence was offered, no impeachment of the certificates was attempted. It therefore insists that at least prima facie proof of the weights, the certificates, in the absence of controverting proof, completely established the cotton weights.

We agree with appellee that appellant tried the case below on the assumption and understanding that its policy covered the cotton in question. This appears from the pleadings, and the evidence, from the charges defendant requested, and from its acceptance of the issues as the main charge presented them. Having tried the case on this assumption, appellant may not here contend the contrary of what it there affirmed. United Sates v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555; J. M. Robinson & Co. v. Belt, 187 U.S. 41, 23 S.Ct. 16, 47 L.Ed. 65; Wharton v. Ætna Life Ins. Co. (C.C.A.) 48 F.2d 37; c/f Maryland Casualty Co. v. Reid (C.C.A.) 76 F.2d 30.

This is a salutary and wholesome rule in any case, preventing litigants from speculating on the result of a trial of certain issues while lying in wait to bring others forward after the trial is over. It has peculiar application here, where the point now sought to be made is an attack upon a contract form devised by defendant to effect, and affirmed by it until in this court, to have been effective to give, the coverage on the cotton the insuring clause of the policy promised and the insurer paid for.

It is perfectly plain from the record that in presenting its general demurrer and its

motion to instruct, below, defendant was not urging or attempting to urge that the cotton was not covered. Its whole insistence there was that the existence of other insurance had avoided the policy, that plaintiff had not kept sufficient books, and that plaintiff must prove the value of the cotton destroyed. To permit appellant now, the trial over, to attack as insufficient the warehouse receipts it devised and issued as sufficient to effect coverage, would be manifestly unjust; for it is quite plain from the record that, if the issue had been made in the trial court, plaintiff if necessary, by resort to an equitable plea to reform, could and would have made the warehouse receipts speak as the parties, and particularly the defendant, intended they should speak to effect full coverage.

If however, we consider on its merits appellant's contention that, because the form of receipt used was not, on its face, an express assumption of liability, the cotton was not covered, appellant will stand in no better case. For it appears without dispute that with full knowledge of the arrangement being made by the owners of the cotton with Commodity Credit and the Compress, to carry the arrangement into effect, and because of the insistence of defendant that it be allowed to participate in writing insurance on warehoused cotton, the defendant did, through its agents, undertake to, and did, insure such cotton and did undertake to and did provide warehouse receipt forms which would bring the particular lots of cotton under the insurance. These forms were drawn by duly authorized agents of the company for the purpose of effecting insurance on the cotton covered by warehouse receipts stamped "insured." If by any reasonable construction they can be held effective to do so, they must be so construed.

We think it perfectly plain that the printed receipt forms, declaring that the company did not assume liability for fire, and that there was no insurance, was completely and effectively modified by the absolutely contradictory indorsement that the cotton was insured, and the goods covered by the receipt were to be delivered to the party named or his order. When this indorsement is considered in connection with the printed provision, "this ticket is issued for the purpose of establishing the liability of the Compress Company" and in connection with all of the other circumstances in the case, we think it plain that whatever may have been the effect of such an indorsement, under other and different circumstances, under those in question here, it operated to bring the property under the policy.

This view, clearly enough supported when taken as of the issuance of the policy, and in the light of the conduct of the defendant in effecting insurance on this form, is greatly strengthened by the practical construction of its efficacy the defendant itself has given, by its conduct affirming it, both before and during the trial.

Holding, as we do, that there was complete coverage of the cotton, whose loss is sued for, it becomes unnecessary to consider the subordinate points appellant raises on the indorsement that the risk it effected insurance against was not loss of cotton, but liability for failure to insure, and that that liability has been extinguished by the acts of Commodity Credit Corporation and Hartford Insurance Company.

Of its last point, that the cotton weights were not sufficiently established, it is sufficient to say that a careful reading of the record convinces that it is wholly without substance. Admitted without objection, and in no way impeached or contradicted, the warehouse receipts constituted ample evidence on which to base the verdict.

The judgment is affirmed.