## BOARD OF TAX APPEALS v ZANGERLE et

Common Pleas Court, Cuyahoga Co.

No. 49767.   Decided June 20, 1940.

Thos. J. Herbert, attorney general, Columbus, and Squire, Sanders & Dempsey, Cleveland, for applicant.

Frank T. Cullitan, prosecuting att'y, Cleveland, and Frederick W. Frey, ass't. prosecuting attorney, Cleveland, for respondents.

## OPINION

By McNAMEE, J.

The questions presented for determination arise upon the application of Hugh S. Jenkins, chairman of the Board of Tax Appeals of the state of Ohio to require John A. Zangerle, auditor of Cuyahoga county and Frederick W. Frey, assistant county prosecutor to show cause why they should not be punished as for contempt of court.

The application is predicated upon the refusal of respondent Zangerle, acting pursuant to instructions of his counsel, respondent Frey, to answer certain questions propounded to Zangerle as a witness at a hearing before the Board of Tax Appeals. The chronology of events prior to the filing of the application is as follows:

In 1937 the auditor of Cuyahoga County in assessing the Cuyahoga Coke Works of the American Steel & Wire Company located partly in Cleveland and partly in Cuyahoga Heights, Ohio, for the current year placed a valuation upon said properties of $4,727,000. Being unsatisfied with the assessed valuation as fixed by the auditor the taxpayer filed a complaint with the Cuyahoga county board of revision. After hearing upon said complaint the board of revision reduced the assessed valuation by the sum of $1,800,000 and found the true value in money of the property to $2,927,000. Thereupon the taxpayer appealed from the valuation as fixed by the county board of revision to the State Board of Tax Appeals. During this latter proceeding counsel for the American Steel & Wire Company called the county auditor as a party in the action adverse to the taxpayer to testify as upon cross-examination. The assistant prosecutor objected to such procedure asserting that the auditor was not an adversary of the taxpayer and that the provisions of §11497 GC, authorizing this mode of examination in Common Pleas Court could not be

availed of to permit the interrogation of the auditor as if under cross-examination in a proceeding before the Board of Tax Appeals. The board overruled the prosecutor's objection and instructed Mr. Zangerle to testify. The auditor took the stand, answered many of the questions propounded to him, but acting upon the advice of counsel, he refused to answer other questions which the reviewing board deemed material and relevant to the inquiry.

In the oral arguments and the excellent briefs filed by counsel much argumentative skill is employed in support of the affirmative and negative of the proposition that the county auditor is a party adverse to the taxpayer in a valuation appeal before the Board of Tax Appeals and as such may be interrogated as if under cross-examination.

The county auditor did not refuse to testify as a witness, consequently a determination of this question is not necessary to a correct decision of the issues presented by the application.

In view of the vigorous argument upon this point it may not be amiss to comment briefly, albeit non-decisively upon the status of the county auditor in the proceedings before the Board of Tax Appeals. In making the original assessment the auditor acts impartially and performs an administrative act. If a complaint be filed with the board of revision the auditor sits as a member of that quasi-judicial tribunal and again acts impartially in an administrative capacity. Should the taxpayer appeal from the valuation as determined by the board of revision, such action merely requires the Board of Tax Appeals to ascertain the true value in money of the property in question and authorizes it to affirm, reverse or modify the finding of the board of revision.

The action of the taxpayer in submitting the question of the true value in money for final administrative review does not transform the auditor from an impartial administrator into an antagonist of the taxpayer. Being an impartial administrator in making the original appraisement and in the intermediate proceedings before the board of revision, the auditor is not metamorphosed into an adversary in the final hearing before the Board of Tax Appeals. Such legal transmutation is unknown in procedural law. The status of impartiality with which the auditor is clothed in making the original assessment is accentuated by his service on the board of revision and that status can not be changed simply because the taxpayer is granted a further right of appeal solely on the question of value.

The taxpayer's valuation appeal before the Board of Tax Appeals possesses few of the aspects of an adversary proceeding as that term is understood in the nomenclature of judicial controversies. There is no legal dispute. No controversy exists as to the liability of the property for taxation. From the original assessment to the final determination by the Board of Tax Appeals the proceedings before the authorities are simply administrative inquiries as to the true value of the property.

"The fixing of values for purposes of taxation is an exercise of an administrative power whereas determination of whether or not particular property is subject to taxation constitutes an exercise of judicial power." 38 O. Jur. 1069, §271 Western Union Teleg. v Tax Comm. (D. C.) 21 F. (2d) 355.

The interest of the state is not adverse to that of the taxpayer. Both parties are interested in the determination of the one question of true value. The liability of the property for taxation being admitted there can be no finding or judgment adverse to the interests of the state in the proceedings before the administrative boards. If the board of revision or the Board of Tax Appeals reduces the original valuation of the county auditor the state nevertheless receives all that it is entitled to under the law. Likewise, if on appeal to the Board of Tax Appeals by a representative of the state the valuation as determined by the

board of revision is increased, such finding is not adverse to the taxpayer. The latter's liability for taxation is to be computed upon the true value in money of the property as finally determined. It is not until the inquiry is removed from the field of administrative investigation to the courts that the proceedings become adversary in character. The statutes make no provision for the appearance of any representative of the state as an adverse party in the proceedings before the board of revision or the Board of Tax Appeals. However, when an appeal is taken to the Common Pleas Court from the finding of the board of revision, as provided in §5611-4 GC, or an appeal from the final determination or Board of Tax Appeals taken to the Supreme Court, representatives of the state are designated as adversaries of the taxpayer for the purposes of the appeal.

In Spencer v The Industrial Commission, 40 P. (2d) 188-193, 87 Utah 336, the court said:

"Hearing before Industrial Commission is not adversary proceeding in nature of law suit as ordinarily understood."

If a proceeding in which the claimant seeks an award of money from the State Insurance Fund is properly termed non-adversary with greater reason a proceeding before a State Board of Tax Appeals in which a taxpayer only seeks a lower valuation of the property liable for taxation can be similarly classified. Sec. 5610 GC, reads in part as follows:

"The Board of Tax Appeals may order the appeal to be heard upon the record of the evidence certified to it by the county board of revision or it may order the hearing of additional evidence, and it may make, or cause to be made, such investigation with respect to the appeal as it may deem proper." (Emphasis supplied.)

Tribunals in which adversary proceedings are determined are not customarily authorized to render decisions based in whole or in part upon investigations made or caused to be made by them. Is seems apparent that a valuation appeal before the Board of Tax Appeals is not an adversary proceeding as that term is ordinarily understood.

Whether respondents are guilty of contemptuous conduct is to be determined by a consideration of the relevancy and materiality of the questions which the auditor refused to answer. These questions have been classified by the applicant as follows:

1. Questions relating to the factors considered by Mr. Zangerle as county auditor in the valuation for assessment of the Cuyahoga Heights Coke Works of the taxpayer, for the year 1937 and for prior years.

2. Questions relating to the factors considered by Mr. Zangerle as county auditor in the valuation for assessment of the by-product coke plants of Republic Steel Corporation and the Otis Steel Company in Cuyahoga County, for the years 1937 and 1936.

3. Questions relating to the dates on which Mr. Zangerle's assessed valuations, for 1937 and for prior years, were made with respect to the Cuyahoga Heights Coke Works of the taxpayer.

With respect to the questions embraced in Subdivision One of the foregoing classification, it is the claim of the taxpayer that the auditor's original valuation was reached by methods that were arbitrary and capricious and that inasmuch as the auditor's appraisement carries with it the presumption of accuracy and correctness the taxpayer is entitled to overcome this presumption by evidence which would disclose that the auditor failed to consider factors properly to be considered in arriving at the true value in money of the property. It is urged that the evidence sought to be adduced by the questions propounded to the auditor would enable the Board of Tax Appeals to consider the question of true value free from the restrictive influence of a prior determination carrying presump-

tive weight. This argument disregards the important fact that the presumption of accuracy which attached to the auditor's appraisement was completely overcome and dispelled by the determination of the board of revision that the auditor's valuation was erroneous to the extent of $1,800,000.

The auditor's valuation was superseded by the determination of the board of revision, and it is the valuation as fixed by that body that constitues the prior determination carrying presumptive weight in the hearing before the Board of Tax Appeals.

By appealing from the determination of the board of revision, the taxpayer was contending, in effect, that the finding of that body was excessive and incorrect. Evidence of factors considered by the auditor in reaching a prior valuation that was $1,800,000 in excess of the valuation appealed from would not assist the taxpayer in demonstrating that the latter valuation was erroneous. The issue before the Board of Tax Appeals insofar as it relates to a prior determination of value was the correctness of the valuation as determined by the board of revision. Considering that the board of revision reduced the auditor's valuation from $4,727,000 to $2,-927,000, evidence of factors taken into account or omitted from consideration by the auditor would have no probative value in determining that question. Whether the auditor acted capriciously in making the original appraisement is in no way related to the issue before the Board of Tax Appeals. The materiality of questions propounded is to be determined by the issues in the case. Under the situation as presented by the record in this case the auditor's valuation is not involved either directly or indirectly in the proceedings before the reviewing board. To compel the auditor to answer the questions relating to the factors considered by him would serve no purpose except to embarrass the witness and to confuse rather than to enlighten the board. Clearly such questions are immaterial and irrelevant.

In support of its contention that the auditor's valuation is involved in the proceedings before the Board of Tax Appeals, the taxpayer cites and relies upon **Boeckling v Schwer, 122 Oh St 40.** In that case it appears that the county auditor did not make the appraisement as required by law but adopted an appraisal made by a private engineering firm. The Supreme Court held that the auditor could not divest himself of his statutory duty to make an appraisement and that the assessment thus made was illegal. At page 42 of the opinion in the Boeckling case the following language appears:

"**Sections 5610 and 5611** empower the Tax Commission to hear appeal from the board of revision but do not authorize the Tax Commission to make an appraisement; the law requires that the appraisement shall be made by the county auditor."

From this language the taxpayer infers that the Supreme Court implied that the original proceedings of a county auditor in making his assessment are material in all cases to questions which arise in valuation appeals regardless of whether the auditor's assessment is modified by any intermediate board or court. That no such implication was intended by the Supreme Court is manifest upon an analysis of the facts and a consideration of the precise question decided. The Supreme Court held in the Boeckling case that an appraisement made by any persons or agency other than the county auditor is illegal. If it is to be inferred from this decision that the question as to who made the appraisement is material at all stages of the proceedings it does not follow that the factors considered by the auditor in a case where the appraisement was actually made by him are likewise material in subsequent proceedings. The Supreme Court did not have before it the question of a taxpayer's right to cross-examine a county auditor who had made a legal assessment with regard to the factors considered by him. The court made no declaration upon this point

in the Boeckling case either expressly or by implication. If the decision in the Boeckling case touches a procedural question at all it relates solely to the right to ascertain at any stage of the review whether the appraisement was in fact made by the auditor. It can not be raised or stretched into a legal canopy covering all procedural questions which arise in the many diverse situations developed in valuation appeals. Certainly it does not cover a situation wherein it is proposed by cross-examination to dissipate a presumption of accuracy attaching to the county auditor's valuation under circumstances where such presumption has been removed by the prior determination of an intermediate reviewing board.

No question as to the legality of the auditor's assessment is raised in the case at bar. Implicit in the questions relating to the factors considered by the auditor is the admission that the assessment was in fact made by him.

**Strauss v Long, 27 Oh Ap 17,** cited and relied upon by the taxpayer is not authority for the contention here made, nor is the case of Longdock Co. v The State Board of Assessors, 56 N. J. L. 592.

The above considerations apply with equal force to the questions embraced within Sub-division One of the questions as above classified which relate to factors considered by the auditor in his appraisement of the property in question for the years prior to 1937.

The taxpayer argues the admissibility of the questions comprehended in Sub-division Two of the above classification of questions propounded to the auditor on the ground that such evidence would show both arbitrary action on the part of the auditor and lack of uniformity in the mode of assessing the Coke plants of the taxpayer, the Republic Steel Company and the Otis Steel Company. **Sec. 2 of Art. 12 of the Ohio Constitution** provides in part as follows:

"* * * Land and improvements thereon shall be taxed by uniform rule according to value. * * *"

In **Exchange Bank v Hynes, 3 Oh St 1,** the court held that:

"Taxing by a uniform rule requires uniformity not only in the rate of taxation but also uniformity in the mode of assessment upon the taxable valuation."

It appears from the representations made in oral argument that the auditor's original valuation of the Coke plants of The Republic Steel Company and The Otis Steel Company have been revised by the board of revision. As heretofore noted, this is also true with respect to the Coke plants of the taxpayer in this case. A further change in valuation may be made by the Board of Tax Appeals in the instant case. In none of these cases does it appear that the ultimate liability for taxation is to be determined by the valuation of the county auditor. In view of this the factors considered by the auditor in each case have no relation to the question of uniformity in the mode of taxation.

The questions embraced within Sub-division Three of the questions as hereinabove classified relate to the dates upon which the auditor made his assessment for the years 1937 and prior years with respect to the property of the taxpayer. Entertaining the opinion that the auditor's valuation in this case is not in issue before the Board of Tax Appeals the court is also of the opinion that the dates upon which the auditor's appraisements were made either for the current or prior years are of no materiality or relevancy to the issues here presented.

It is also asserted in the application that the auditor was guilty of contemptuous conduct in refusing to furnish certain records requested by the taxpayer. These records are related to the subject matter of the questions which the auditor refused to answer and are likewise immaterial and irrelevant to the issue before the Board of Tax Appeals.

It is unnecessary to cite any authority in support of the proposition that

a witness testifying before an administrative board can not be compelled to answer questions that are immaterial and irrelevant.

The applicable rule is well stated in the 4th paragraph of the syllabus of **Ex Parte Schoepf, 74 Oh St 2:**

"While an officer before whom a deposition is being taken is empowered to punish as for contempt any person who refuses to obey an order to answer a question or to produce a document, he can not do so unless it is so 'lawfully ordered;' and where such question or document is not pertinent to the issues tendered or made, or is not material or necessary to make out the case of the party calling for it, or is incompetent or privileged, the witness can not lawfully be ordered to answer such question or to produce such document."

Jones on Evidence, Vol. 3, page 1530, Section 827; 42 O. Jur., page 350, §346; 42 O. Jur., page 41.

A subject which has been argued at length in the briefs is the prosecutor's contention that the auditor can not be cross-examined with regard to the factors considered by him because the mental processes by which an assessor reaches his conclusion are not subject to review.

Chicago B. & O. v Babcock, 204 U. S., 585; Great Northern Railway v Weeks, 297 U. S. 157; Northern Pacific Ry. v Adams Co., 1 Fed. Supp. 163; State v Howard, 83 Vt. 6.

The rule as declared in the leading case of Chicago B. & O. v Babcock, 204 U. S. 585, is as follows:

"1. The members of a state board of equalization and assessment should not be subjected to a cross-examination, on a proceeding for equitable relief against the taxation of railroad property, with regard to the operation of their minds in arriving at the valuation of such property for tax purposes."

The limitation upon this rule is set forth in Long Dock v State Board of Assessors, 86 N. J. L. at page 598 of the Opinion in the following language:

"The important distinction is that between evidential facts and facts inferred therefrom. The mental process by which the board makes its inferences and reaches its conclusion is no more open to inquiry than the processes by which a jury reaches its verdict (Chicago B. & O. Ry. Co. v Babcock, 204 U. S. 585), but the evidential facts on which the finding and judgment of the board rests are as open to inquiry as the facts proved before a jury, and none the less open in the one case than in the other, because those facts are within the knowledge of members of the board alone or in the knowledge of jurymen alone. The distinction is, in effect, the same that was pointed out by all the judges in the house of lords in Duke of Buccleuch v Metropolitan Board of Works, L. R., 5 H. L. 418; 41 L. J. Exch. 137."

It would seem that where a county auditor voluntarily testifies in support of his original valuation in those cases where such valuation is in issue he may be cross-examined within the limitations of the foregoing rule in respect to the evidential facts upon which such valuation is based. Such factual information is not privileged. The immunity from cross-examination which the auditor enjoys should not be extended beyond the requirements of the rule laid down in Chicago B. & O. v Babcock, supra. On the other hand there is no reason or legal justification for compelling an auditor to testify as an adverse witness as if under cross-examination upon any subject. Unless he testifies directly in support of his original valuation the necessity for cross-examination does not arise.

The court is of the opinion, and therefore holds that the questions which Mr. Zangerle refused to answer and the records which he refused to furnish were immaterial and irrelevant to the issue before the Board of

Tax Appeals and that the respondents have shown good cause why they should not be punished as for contempt of court.