UNITED STATES of America,
Plaintiff–Appellee,

v.

**William T. WULIGER, Defendant–
Appellant.**

No. 92–3061.

United States Court of Appeals,
Sixth Circuit.

Aug. 11, 1993.

Before: KENNEDY and MILBURN,
Circuit Judges; and WELLFORD, Senior
Circuit Judge.

**ORDER**

Upon consideration of the petition for rehearing filed by the appellee,

It is **ORDERED** that the petition for rehearing be, and it hereby is, **DENIED.**

WELLFORD, Senior Circuit Judge,
concurring:

As indicated in my initial separate opinion, I find this to be a very close case. *United States v. Chan Chun–Yin*, 958 F.2d 440 (D.C.Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 3010, 120 L.Ed.2d 884 (1992), is a basis for finding that the omission in the jury instruction may be harmless error. I find an insufficient basis to dissent from denial of a rehearing, but the court may deem it a proper candidate for rehearing en banc, because this controversy involves a statute and an interesting issue not previously considered by the Sixth Circuit.

This court "should not exercise [its] discretion [to correct the forfeited error] unless the error '*seriously affect*[s] the fairness, integrity or public reputation of judicial proceedings.' *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985) (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936))." *United States v. Olano & Gray*, —— U.S. ——, ——, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993) (emphasis added). I am not sure that the error in jury instruction did seriously or necessarily affect the fairness and integrity of the proceedings against Wuliger, an experienced trial counsel.