77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles HOWARD, Defendant-Appellant.
 No. 95-3224.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 24, 1996.
Decided Feb. 15, 1996.
 
 Before COFFEY, Circuit Judge, EASTERBROOK, Circuit Judge, and KANNE, Circuit Judge.
 
 ORDER
 
 1
 On May 24, 1995, a jury convicted Charles Howard of two counts of making false declarations before a federal grand jury in violation of 18 U.S.C. § 1623. Howard argues on direct appeal that, in light of the Supreme Court's subsequent decision in United States v. Gaudin, 115 S.Ct. 2310 (1995), the district court committed reversible error by deciding the "materiality" of his statements as a matter of law, instead of submitting the question to the jury. We affirm.
 
 
 2
 In August 1994 Howard was convicted of selling cocaine base in violation of 21 U.S.C. § 841(a)(1). On November 9, 1994, he was called before a federal grand jury to testify pursuant to a grant of immunity. Howard testified that he had never purchased, sold, or possessed cocaine base, and, though he had been convicted of doing so, that he had never sold cocaine base to Darren Green. Shortly thereafter, Howard was indicted for two counts of criminal perjury in violation of 18 U.S.C. § 1623.[1]
 
 
 3
 Howard moved to dismiss the perjury indictment, in part on the grounds that the prosecutor's inquiries were not material to a legitimate ongoing investigation. Howard alleged that the government knew he would continue to maintain his innocence before the grand jury, as he had at trial, and so it used a pretextual grand jury investigation as a "perjury trap" to punish him further. The government responded by submitting the affidavits of the prosecutor and grand jury foreperson averring that the grand jury was investigating the identities of Howard's cocaine suppliers and customers. The district court denied the motion, and Howard was convicted of both counts after a jury trial in which the grand jury prosecutor testified.
 
 
 4
 The key issue in this appeal turns on the materiality element of section 1623.[2] During Howard's perjury trial, it was the law of this circuit that materiality was a question of law for the court to decide, and the district court instructed the jury accordingly, without objection. In United States v. Gaudin, 115 S.Ct. 2310 (1995), the Supreme Court subsequently held that the materiality element in an 18 U.S.C. § 1001 false statement prosecution presents a mixed question of law and fact that must be submitted to the jury. In so doing, the Court repudiated Sinclair v. United States, 279 U.S. 263 (1929), from which many circuit courts had surmised that materiality was a question of law. Gaudin, 115 S.Ct. at 2318-20. It is apparent that Gaudin also invalidates this circuit's rule that materiality in a section 1623(a) perjury prosecution is a question of law, a rule we derived from Sinclair. See, e.g., United States v. Staniforth, 971 F.2d 1355, 1358 (7th Cir.1992). Moreover, the Gaudin ruling applies retroactively in Howard's direct appeal. Griffith v. Kentucky, 479 U.S. 314, 328 (1987).
 
 
 5
 Because Howard did not object at trial, we must apply "plain error" review. See Fed.R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Plain error review requires (1) an "error," (2) that was "plain," "clear," or "obvious," and (3) that affected "substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776-78 (1993). Finally, "Rule 52(b) is permissive, not mandatory"; we will reverse only for plain errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). As we noted in United States v. Kerley, 838 F.2d 932, 939 (7th Cir.1988), retrial is not mandated by a plain instructional error as to an element of the crime when the element "was not contestable and was barely if at all contested." This is so because "the effect rather than the character of an instructional error is what is important." United States v. Perez, 43 F.3d 1131, 1139 (7th Cir.1994) (citing Kerley ).
 
 
 6
 The government concedes that the district court erred and that the error was prejudicial. As we recently held in United States v. Ross, No. 92-1449, slip op. at 11-17 (7th Cir. Feb. 2, 1996), this Gaudin error was also "plain," in the sense of our certainty, with the benefit of hindsight, that an error occurred. Id. at 14-15. But Howard's claim fails nonetheless because, as in Ross, we will not exercise our discretion to reverse for plain error where the materiality element was all but incontrovertibly established at trial. Id. at 17. At trial, Howard did not present any arguable factual question regarding the materiality of his false statements, and the trial court's jury instructions were in accordance with existing precedent. A retrial would be a needless waste of judicial resources, as any rational factfinder would have found the statements material. Cf. United States v. Ottersburg, No. 95-1847 (7th Cir. Feb. 2, 1996) (reversing for plain error that may have influenced jury's deliberations on close issues). Thus the Gaudin error did not seriously affect the fairness, integrity, or public reputation of Howard's proceeding. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The statute provides in relevant part: "Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be fined under this title or imprisoned not more than five years, or both."
 
 
 [2]
 "In order to convict a grand jury witness of perjury under 18 U.S.C. § 1623, the government must ... prove that the false testimony was material to a legitimate inquiry of the grand jury." United States v. Waldemer, 50 F.3d 1379, 1382 (7th Cir.), cert. denied, 115 S.Ct. 2598 (1995). A statement is material if it has the effect or potential "to impede, influence, or dissuade the grand jury from pursuing its investigation." United States v. Gulley, 992 F.2d 108, 112-13 (7th Cir.1993) (internal quotation marks omitted)