91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Epifanio BAENA-GABRIEL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Manuel PEREZ-VALDEZ, Defendant-Appellant.
 Nos. 94-50056, 94-50094.
 United States Court of Appeals, Ninth Circuit.
 June 28, 1996.
 
 Before: WIGGINS, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 There was insufficient evidence to convict defendants of using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). See Bailey v. United States, 116 S.Ct. 501 (1995). However, there was sufficient evidence to convict under the carrying prong of section 924(c)(1). See United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996) (Defendant "must have transported the firearm on or about his or her person. This means the firearm must have been immediately available for use by the defendant." (citations omitted)). While Baena-Gabriel testified that the gun was in a storage compartment behind the seat in his truck, where it would have been difficult to reach, the DEA special agent who found the gun testified that it was underneath the passenger seat. The agent also testified that defendants needed only pick up the gun and cock it in order to fire it.
 
 
 3
 There remains the issue of the district court's instructions to the jury. Although defendants failed to raise this issue, we may nonetheless reverse "if the errors ... seriously affect the fairness, integrity or public reputation of the judicial proceeding." United States v. Castaneda, 9 F.3d 761, 766 (9th Cir.1993) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1935)), cert. denied, 114 S.Ct. 1564 (1994). Such is the case here. In addition, it would have been futile for defendants to argue error below or the first time on appeal because our case law at that time supported the jury instructions. See Guam v. Yang, 850 F.2d 507, 512 n. 8 (9th Cir.1988) (en banc). There is no prejudice to the government in reviewing this issue on remand from the Supreme Court: The government argued in its brief on remand that the jury instructions did not constitute reversible error. See United States v. Gomez, 81 F.3d 846, 850 n. 6 (9th Cir.1996).
 
 
 4
 The district judge instructed the jury as follows:
 
 
 5
 The defendant is said to use a firearm while committing a crime when:
 
 
 6
 One, the firearm is possessed during and in relation to the underlying offense, and
 
 
 7
 Two, the firearm facilitates or plays a role in the crime such as emboldening the defendant who has the ability to display or discharge the weapon, whether or not such display or discharge in fact occurred.
 
 
 8
 RT 8/12/93 at 6 (jury instructions). The last section of the instruction is erroneous in light of the Supreme Court's ruling in Bailey. See 116 S.Ct. at 508. We cannot say that the error was harmless. In order for an instructional error to be harmless, "the facts found by the jury [must] establish[ ] that the jury necessarily found" all the elements needed for conviction. Roy v. Gomez, 81 F.3d 863, 867 (9th Cir.1996) (en banc). In order to meet the requirements of Bailey and Hernandez, the jury would have had to believe the DEA special agent's testimony concerning the location of the gun. However, the jury could well have credited Baena-Gabriel's testimony and still have convicted defendants under the erroneous portion of the instruction.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3