UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RICHARDO TYREE MELVIN,
　　　　　*Defendant-Appellant.*

No. 99-4695

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Malcolm J. Howard, District Judge.
(CR-99-3-H)

Submitted: September 11, 2002

Decided: October 10, 2002

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Dean R. Davis, Wilmington, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, J. Frank Bradsher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Richardo Tyree Melvin appeals his conviction and sentence for
conspiracy to distribute and possess with intent to distribute cocaine
base in violation of 21 U.S.C. § 846 (2000). Finding no reversible
error, we affirm.

### I.

On appeal, Melvin contends that the district court abused its discre-
tion in denying his request for substitution of counsel and requiring
him to proceed pro se. In evaluating whether the trial court abused its
discretion in denying his request, we consider: (1) the timeliness of
the motion; (2) the adequacy of the court's inquiry into Melvin's
complaint; and (3) "whether the attorney/client conflict was so great
that it had resulted in total lack of communication preventing an ade-
quate defense." *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir.
1988). After thoroughly considering these factors, we conclude that
all three factors weigh against Melvin and find that the court did not
abuse its discretion in denying his request for substitution of counsel.

Further, we find that the district court did not commit reversible
error by requiring Melvin to proceed pro se. A waiver of the Sixth
Amendment right to counsel must be voluntary, knowing, and intelli-
gent. *United States v. Singleton*, 107 F.3d 1091, 1095 (4th Cir. 1997).
We have held that "once the trial court has appropriately determined
that a substitution of counsel is not warranted, the court can insist that
the defendant choose between continuing representation by his exist-
ing counsel and appearing pro se." *Gallop*, 838 F.2d at 109. "A
refusal without good cause to proceed with able appointed counsel is
a 'voluntary' waiver." *Id.*

We find that Melvin's waiver of counsel was clearly voluntary
given his refusal to proceed with appointed counsel. Further, we

decline to reach the issue of whether the district court conducted an adequate inquiry as to whether Melvin's waiver was knowingly and intelligently made. Even assuming that the district court failed to conduct an adequate inquiry, no reversible error occurred because the district court required appointed counsel to remain as backup counsel. Counsel continued to take an active role at the hearing, clarifying Melvin's objection to the court's drug quantity calculation and addressing the court on behalf of Melvin regarding the appropriate sentence to be imposed within the guideline range. Accordingly, any resulting error in requiring Melvin to proceed pro se was harmless because Melvin in fact received adequate assistance of counsel. *See* Fed. R. Crim. P. 52(a); *Gallop*, 838 F.2d at 111.

## II.

We next consider whether Melvin's sentence is invalid under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided while this case was pending on appeal. Melvin did not raise this issue before the district court or in his formal brief on appeal. Although we have suggested that the court has the power to correct an error sua sponte if it amounts to plain error under Fed. R. Crim. P. 52(b), *see United States v. Childress*, 26 F.3d 498, 502 (4th Cir. 1994), a more exacting standard arguably should apply in light of our general refusal to consider issues not raised and properly argued in the appellant's opening brief. *See, e.g.*, *McCarver v. Lee*, 221 F.3d 583, 588 n.1 (4th Cir. 2000) (declining to consider issues mentioned but not argued in briefs), *cert. denied*, 531 U.S. 1089 (2001); *Lewis v. INS*, 194 F.3d 539, 547 n.9 (4th Cir. 1999) (declining to consider issue first raised in reply brief). We need not decide that question, however, because we conclude that even the ordinary plain error standard would bar relief here.

The indictment to which Melvin pled guilty did not specify a particular threshold drug quantity. Further, drug quantity was not stipulated in the plea agreement and was determined by the district court at sentencing. Because Melvin received a sentence of 264 months, two years above the twenty-year statutory maximum for a violation of 21 U.S.C. § 841 (2000) where there is no jury finding of a specific threshold drug amount, it is clear that an error occurred in sentencing Melvin and that the error was plain. *United States v. Promise*, 255

F.3d 150, 156-60 (4th Cir. 2001) (en banc), *cert. denied*, 122 S. Ct. 2296 (2002).

We find, however, that any resulting error did not "'seriously affect[] the fairness, integrity or public reputation of judicial proceedings,'" *United States v. Olano*, 507 U.S. 725, 736 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)), based on the overwhelming and essentially uncontroverted evidence presented at sentencing indicating that Melvin was responsible for far more than the five grams necessary to sentence him under § 841(b)(1)(B), which authorizes a forty-year maximum term of imprisonment. *See United States v. Cotton*, 122 S. Ct. 1781, 1786 (2002).

We also note that in light of the indictment's failure to allege drug quantity, the district court, without having the benefit of the Supreme Court's decision in *Apprendi*, incorrectly informed Melvin that he faced a possible sentence of a minimum of not less than ten years and a maximum of life imprisonment. Under § 841(b)(1)(C), there is no mandatory minimum, and the maximum possible sentence is twenty years. Thus, in retrospect, the court violated Fed. R. Crim. P. 11(c)(1). *See United States v. Martinez*, 277 F.3d 517, 530 (4th Cir. 2002), *petition for cert. filed*, (Apr. 10, 2002) (No. 02-5170). We find that Melvin cannot establish plain error in this regard, however, because he cannot show that he would not have entered into his plea agreement absent this error. The indictment alleged three separate crimes against Melvin, and two of those crimes were dismissed at his sentencing pursuant to the terms of his plea agreement. "Thus, even if [Melvin] had been correctly advised of the permissible penalty on the conspiracy charge, there is no reason to believe that he would have sought to withdraw from the plea agreement." *Martinez*, 277 F.3d at 533; *accord United States v. Cannady*, 283 F.3d 641, 648-49 (4th Cir.), *petition for cert. filed*, (July 22, 2002) (No. 02-5856).

III.

Accordingly, we affirm Melvin's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*