**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Randolfo ESCANDON–FIGUEROA,
Defendant—Appellant.**

No. 03–50259.
D.C. No. CR–00–3113–J.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided May 17, 2004.

Timothy D. Coughlin, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Randolfo Escandon–Figueroa, San Diego, CA, pro se.

Gary P. Burcham, San Diego, CA, for Defendant–Appellant.

Before RYMER and GRABER, Circuit Judges, and MOLLOY,* Chief District Judge.

### MEMORANDUM**

Appellant Randolfo Escandon–Figueroa appeals his conviction for conspiracy to

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Honorable Donald W. Molloy, Chief District Judge, United States District Court for

the District of Montana, sitting by designation.

distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Escandon–Figueroa argues on appeal that the government failed to present sufficient evidence to establish a single conspiracy among Escandon–Figueroa, Ceasr Rafael Loza–Paez (a.k.a."Gordo"), and Jose Alejandro Figueroa–Orejel (a.k.a. "Alex Figueroa") as charged in the indictment, and that he was deprived of his due process rights by the government's closing argument. We affirm.

### I

There was sufficient evidence to convict Escandon–Figueroa of a single conspiracy. The guilty verdict in this case implies that the jury found sufficient evidence to support the single conspiracy charged in the indictment. *United States v. Kenny*, 645 F.2d 1323, 1335 (1981). This court will not disturb that finding unless it concludes that *no* rational trier of fact could have found a single conspiracy on this evidence. *See id.* Under this "highly deferential" standard of review, *see United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990), sufficient evidence supported the jury's finding that Escandon–Figueroa was part of one overall drug trafficking conspiracy involving both Alex Figueroa and Gordo.

### II

Because Escandon–Figueroa failed to object to the government's closing, this court reviews the record for plain error. *See United States v. Turman*, 122 F.3d 1167, 1169–70 (9th Cir.1997). To establish plain error, Escandon–Figueroa must prove that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 730–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). This court

is not required to correct a plain error. "If the forfeited error is 'plain' and 'affect[s] substantial rights,' the court of appeals has authority to order correction, but is not required to do so." *Id.* at 735. We need only "correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936) (alteration in original)). Even assuming that there was error in this case and that it was plain, it did not affect substantial rights in light of the circumstances, including the overwhelming evidence of Escandon–Figueroa's participation in the drug trafficking conspiracy. *United States v. Arbelaez*, 719 F.2d 1453, 1456–59 (9th Cir.1983).

AFFIRMED.