NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0078n.06
Filed: November 9, 2004

Nos. 03-5093, 03-5126

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Plaintiffs-Appellee,* | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| **v.** | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| JANIS GARBETT LOMAN and ALLEN | ) | |
| GARBETT | | **O P I N I O N** |
| | | |
| *Defendants-Appellants.* | | |

BEFORE:  COLE and COOK, Circuit Judges; SPIEGEL, District Judge.[*]

**S. ARTHUR SPIEGEL, District Judge.**  Defendants-Appellants Janis Loman and Allen

Garbett appeal their convictions for aiding and abetting Tera Daniels's failure to attend a required

hearing in her criminal case.  Defendants argue that the Government failed to prove that Daniels was

required to attend the hearing in question, a statutory element of the crime for which they were

convicted.  We agree, and **REVERSE**.

## I.  BACKGROUND

The facts relevant to this appeal are limited.  The evidence at trial showed that Defendants

helped Daniels escape from a halfway house, where Daniels resided as a condition of pretrial release

---

[*] The Honorable S. Arthur Spiegel, United States District Court, Southern District of Ohio, sitting by designation.

pending her upcoming criminal trial on felony charges. While Daniels was absent without leave, the trial judge in her criminal case scheduled a pretrial hearing on a motion to continue the trial that had been filed by one of her codefendants. Daniels did not attend the hearing, although she did ultimately return for trial. Loman and Garbett were eventually charged with aiding and abetting her failure to attend the hearing, and both were convicted at trial.

## II. ANALYSIS

All parties agree that the Defendants can only be convicted of aiding and abetting Daniels's failure to appear on a felony charge, as well as the attendant conspiracy to do so, if she was actually required to attend the hearing she missed. *See* 18 U.S.C. § 3146(a) (prohibiting the "fail[ure] to appear before a court as required by the conditions of release"). The Government supports its claim that she was required to attend the hearing in question by citing the comments the judge made when scheduling the hearing:

> Pending before the Court are a motion to continue trial date filed by Defendant Pate and a motion for continuance filed by defendant Levesque. The government has filed a response to the motions. The Court will hold a hearing on the motions on January 11[th] at noon. All parties who have not taken a position on the motions shall file a written response to the motions on or before January 10[th] or by 12 o'clock noon.

A cursory review of these comments, however, does not reveal any stated requirement that Daniels attend this hearing. At most, the judge required that Daniels - presumably through her counsel - file a written response to her codefendant's motion for a continuance.

The Federal Rules of Criminal Procedure do set forth some broad criteria establishing a defendant's obligation to attend certain hearings and proceedings in his criminal trial. Notwithstanding a lack of a direct order to do so, defendants are required to attend:

> (1) the initial appearance, the initial arraignment, and the plea;
> (2) every trial stage, including jury impanelment and the return of the verdict; and
> (3) sentencing.

Fed. R. Crim. P. 43(a). In contrast, Fed. R. Crim. P. 43(b) specifically excuses a criminal defendant from attending certain proceedings in his case, including a "Conference or Hearing on a Legal Question" where "[t]he proceeding involves only a conference or hearing on a question of law." Upon review, it seems clear that the hearing in Daniels's case was not covered by Rule 43(a) or 43(b). It instead raised issues of case management, which likely related to the specific circumstances of the various defendants and the schedules of the judge and counsel. As a result, Daniels's presence at the hearing was neither statutorily required nor excused.

Whether or not Daniels was required to attend the hearing at issue, therefore, was a matter for the trial judge of her case to determine. A review of the record of the Defendants' trial, however, reveals that no admissible evidence was produced indicating that the judge actually ordered Daniels to do so. The "Exhibit and Witness List" in the Defendants' case shows that two orders pertaining to Daniels's attendance at the hearing at issue were presented to the court. The first is the order setting conditions of Daniels's release, requiring her to "appear at all court proceedings in [her] case." The second is the order scheduling the hearing that Daniels did not attend; it is undisputed that this second order does not explicitly require her attendance. At this point, however, the record below becomes confused. The exhibit list shows that the first order was admitted into evidence, arguably establishing a factual basis for the finding that Daniels was required to attend the hearing at issue, while the second was not admitted into evidence. A review of the transcript, however, leads to the conclusion that these two exhibits were, in fact, reversed in

number on the exhibit list and that the first order setting the conditions of bond was never actually presented to the finder of fact. When the Government asked to admit both orders as evidence over the Defendants' objection that neither had been disclosed prior to trial, the trial judge held:

> I am going to let in the order, one of the orders. *I will let in the order that sets the hearing on the 11th.* The conditions of Tera Daniels' release, it is not supervised release; it is just pre-trial release on conditions set forth in this order[.] *[E]ven though it is a public record [it] contains 17 different conditions that the defense may or may not have known about.* I just cannot see how the defendants are prejudiced by information contained in this order because it is the essence of the whole indictment, and there as been testimony that she had the court order and the court date so I will not admit this one for failure – I will mark it for identification purposes....

(emphasis added). Subsequent questioning of witnesses and the content of the closing arguments all lead to the conclusion that the order setting the January 11, 2000 hearing – not the order setting conditions of her pretrial release – was actually the order admitted at trial. In fact, the Joint Appendix filed by the parties denominate the scheduling order as "Exhibit 24," the exhibit number given to the order listing the conditions of bond on the trial court's exhibit list. In light of these findings, it seems clear that there was no evidence before the jury in the Defendants' case that Daniels was required to attend the hearing at issue.

There is, however, one caveat to Defendants' claims: neither of the Defendants' appointed counsel renewed their motions for acquittal at the close of the evidence. (Defendants each have the same counsel on appeal, and neither counsel argued on appeal that his failure to move for acquittal constituted constitutionally ineffective assistance of counsel.) Our review, therefore, is limited to plain error. As the Government acknowledges, however, we still must grant relief under the plain error standard if "the record is devoid of evidence pointing to guilt." *United States v. Hernandez*,

227 F.3d 686, 694 (6th Cir. 2000). As noted above, there is simply no clear evidence in the record that Daniels was required to attend the January 11, 2000 hearing; no one specifically required her presence, and no rule otherwise required it. If Daniels was not required to attend the hearing, Loman and Garbett could not have aided and abetted her failure to attend a required hearing as contemplated by the statute. Absent any evidence satisfying one of the elements of the offense, the errors underlying Defendants' convictions are unmistakably plain.

### III. CONCLUSION

For the preceding reasons, the Defendants' convictions are **REVERSED**.

COOK, Circuit Judge, dissenting. I would affirm the judgment of the district court because the alleged error here is not an error Rule 52(b) authorizes us to correct. The rule imposes three limitations on appellate authority: there must be error, it must be plain—a term synonymous with "clear" or "obvious"—and it must affect substantial rights. *United States v. Olano*, 507 U.S. 725, 732–34 (1993).

The record here fails to reflect obvious trial error. As the majority concedes, the exhibit list itself contradicts the defendants' claimed error; it shows that the district court admitted the order requiring Daniels to attend all court proceedings in her case. Only by conjecture from the admittedly "confused" record does the majority surmise that the exhibit list did not reflect the true state of the trial evidence—that is, the order requiring attendance was not in evidence. Thus, we cannot reasonably say that the district court committed obvious error.

Further, even if this court were to find obvious error affecting defendants' substantial rights, Rule 52(b)—which is permissive, not mandatory—requires more. *Id.* at 735–37. The *Atkinson* standard, which limits our exercise of remedial discretion, guides courts to correct only those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160 (1936). Since no such case is presented here, I respectfully dissent and would instead affirm the judgment of the district court.