COOK, Circuit Judge,
dissenting.
I would affirm the judgment of the district court because the alleged error here is not an error Rule 52(b) authorizes us to correct. The rule imposes three limitations on appellate authority: there must be error, it must be plain — a term synonymous with “clear” or “obvious” — and it must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
The record here fails to reflect obvious trial error. As the majority concedes, the exhibit list itself contradicts the defendants’ claimed error; it shows that the district court admitted the order requiring Daniels to attend all court proceedings in her case. Only by conjecture from the admittedly “confused” record does the majority surmise that the exhibit list did not reflect the true state of the trial evidence — that is, the order requiring attendance was not in evidence. Thus, we cannot reasonably say that the district court committed obvious error.
Further, even if this court were to find obvious error affecting defendants’ substantial rights, Rule 52(b) — which is permissive, not mandatory — requires more. Id. at 735-37. The Atkinson standard, which limits our exercise of remedial discretion, guides courts to correct only those errors that “seriously affect the fairness, integrity or public reputation of judicial proceedings.” United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936). Since no such case is presented here, I respectfully dissent and would instead affirm the judgment of the district court.