MEMORANDUM *
Flores-Perez appeals his conviction for attempting the transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(l)(A)(ii). He asserts four grounds in support of his appeal.
Having reviewed the record in its entirety, we affirm both his judgment of conviction and sentence.
(1) Any difference between Flores-Perez’s indictment and the jury instructions did not affect his substantial rights. There is no possibility the jury convicted him for a mens rea or conduct insufficient to establish attempted alien transportation. See United States v. Rivera-Relle, 333 F.3d 914, 921 (9th Cir.2003) (holding “a person may be convicted of an attempt to commit a crime even though that person may have actually completed the crime”); 8 U.S.C. § 1324(a)(l)(A)(ii) (providing attempted and completed transportation both require proof that defendant either knew or recklessly disregarded the fact that an alien was illegally present in the United States).
(2) The government’s evidence viewed in the light most favorable to the jury’s verdict was more than ample to support his conviction.
(3) The alleged prosecutorial misconduct, reviewed either individually or cumulatively for plain error, and evaluated in the context of the whole trial, did not deprive him of due process or a fair trial. The prosecution’s evidence was convincing, and his defense and credibility were not. Although we agree with the dissent that some of the trial errors, including those conceded by the government, were plain error, we do not believe any cumulative effect of these errors is sufficient to “seriously affeet[] the fairness, integrity or public reputation of the judicial proceedings,” United States v. Hugs, 384 F.3d 762, 767 (9th Cir.2004) (internal quotation marks omitted), given the overwhelming evidence of guilt and Flores-Perez’s striking lack of credibility at trial. Accordingly, we decline to exercise our discretion to reverse his conviction based on these forfeited errors. See United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal alteration omitted).
(4)Flores-Perez now claims he was entitled to an adjustment downward of his sentence by three levels pursuant to U.S.S.G. § 2L1.1(b)(1), a claim he did not make in district court. A review for plain error indicates that (1) he offered no evidence in support of this unmade claim despite his burden to do so, and (2) the sentencing record before the court would not support such a downward adjustment. Nothing in this record demonstrates a motive other than “for profit.” In fact, (1) he is a repeat offender (19 arrests for alien smuggling), (2) told law enforcement that he smuggled “if the price is right,” and (3) was conceded by counsel to have been a “nuisance. He has, basically been flaunting law enforcement.”
Most importantly, the district court was able to consider at sentencing evidence not presented to the jury that the material witness had agreed to pay $2,000 to be smuggled into the United States. See *71 United States v. Hussein Al Nasser, 479 F.3d 1166, 1171-72 (9th Cir.2007) (holding downward adjustment for committing alien transportation crime other than for profit was not appropriate as long as defendant “was part of a scheme to transport the aliens for money, whether he personally received any of the money or not”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.