IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40171
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARFIELD BAKER, a/k/a
Garfield Bridges,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(6:94 CR 16)
_____
November 3, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

In November 1994, Garfield Baker was convicted by a jury on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced Baker to 240 months imprisonment and five years supervised release. Baker timely noticed his appeal.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Baker contends that the district court erred by failing to instruct the jury that the government had to prove beyond a reasonable doubt that Baker not only knowingly possessed a firearm, but that he also engaged in the conduct knowing he was a convicted felon and knowing that the weapon was in or affecting interstate commerce. Baker's attorney concedes that no objection was made to the court's jury instructions at trial. Thus, whether the court erred in instructing the jury is reviewed for plain error.

Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993)), cert. denied, 115 S.Ct. 1266 (1995). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 113 S.Ct. at 1778.

When a defendant in a criminal case has forfeited an error by failing to object, this court may remedy the error only in the most exceptional case. Calverley, 37 F.3d at 162. The Supreme Court has directed the courts of appeals to determine whether a case is exceptional by using a two-part analysis. Olano, 113 S.Ct. at 1777-79.

First, an appellant who raises an issue for the first time on appeal has the burden to show that there is actually an error, that it is plain, and that it affects substantial rights. Olano, 113 S.Ct. at 1777-78; United States v. Rodriquez, 15 F.3d 408, 414-15 (5th Cir. 1994); Fed. R. Crim. P. 52(b). Plain error is one that is "clear or obvious, and, at a minimum, contemplates an error which was clear under current law at the time of trial." Calverley, 37 F.3d at 162-63 (internal quotation and citation omitted). "[I]n most cases, the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding." Id. at 164. This court lacks the authority to relieve an appellant of this burden. Olano, 113 S.Ct. at 1781.

Second, the Supreme Court has directed that, even when the appellant carries his burden, "Rule 52(b) is permissive, not mandatory. If the forfeited error is `plain' and `affect[s] substantial rights,' the Court of Appeals has authority to order correction, but is not required to do so." Olano, 113 S.Ct. at 1778 (quoting Fed. R. Crim. P. 52(b)). As the Court stated in Olano:

> the standard that should guide the exercise of [this] remedial discretion under Rule 52(b) was articulated in United States v. Atkinson, 297 U.S. 157, 56 S. Ct. 391, 80 L. Ed. 555 (1936). The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

Olano, 113 S.Ct. at 1779 (quoting Atkinson, 297 U.S. at 160). Thus, this court's discretion to correct an error pursuant to Rule 52(b) is narrow. Rodriquez, 15 F.3d at 416-17.

Baker argues that the mens rea requirement of § 924(a)(2), the statute which sets forth the minimum penalty for a violation of § 922(g), is applicable to § 922(g). Section 924(a)(2) states: "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." Baker contends that Congress intended that the mens rea requirement apply to § 922(g). In support of his assertion, Baker cites a case in which the Ninth Circuit determined that, based on the language of § 924(a), "an `unknowing' act cannot constitute a violation of Section 922(g)." Id. at 8-9; see United States v. Sherbondy, 865 F.2d 996, 1002 (9th Cir. 1988).

Baker also cites a recent case from this circuit in which the court, in the context of a § 922(k) violation (possession of a firearm from which the serial number has been removed), stated that the Sherbondy analysis supported its conclusion that "the language in the second part of subsection (k), which like subsection (g) does not expressly have a knowledge requirement, still requires a knowing violation because of the knowledge requirement in § 924(a)(1)(B)." See United States v. Hooker, 997 F.2d 67, 72 (5th Cir. 1993). Baker contends that Hooker supports his assertion that

mens rea is a requirement to proving a § 922(g) violation and that the district court erred by failing to so instruct the jury.

Finally, Baker cites a recent Supreme Court decision in support of his contention of a mens rea requirement:  In Staples v. United States, 114 S.Ct. 1793 (1994), the Court determined that, in the context of a violation of 26 U.S.C. § 5861(d), the government is required to prove that the defendant knew that the weapon he possessed had characteristics that brought it within the statutory definition of a machine gun.

As the government correctly states, both Staples and Hooker are factually distinguishable from this case.  The defendant in Staples had been convicted of possessing an unregistered machine gun, in violation of §§ 5845 and 5861(d).  Staples, 114 S.Ct. at 1795-96.  The issue the Court faced was "[w]hether or not § 5861(d) requires proof that a defendant knew of the characteristics of his weapon that made it a `firearm' under the Act . . . ."  Id. at 1796.  The court determined that mens rea is a requirement of a § 5861(d) violation.  Id. at 1804.  Thus, after Staples, the government is required to prove that a defendant prosecuted under § 5861(d) knew that he possessed a firearm that was not properly registered.  Because the Court's holding addresses only that particular statute, however, it does not add a mens rea requirement to § 922(g)'s prohibition against a felon merely possessing any firearm.

Similarly, this court's decision in <u>Hooker</u> addressed the proper application of § 922(k), the provision that prohibits a person's possession of firearms with altered or removed serial numbers. <u>See</u> 997 F.2d at 71-72. The court determined that § 924(a)(1)(B) added a <u>mens rea</u> element to subsection (k) that required the government to prove not only that the defendant knowingly possessed the firearm, but also that he knew that the serial number on the weapon had been altered or removed at the time he possessed it. <u>Id.</u> at 72. The issue whether § 924(a) added a <u>mens rea</u> requirement to subsection (g) was not presented.

In instructing the jury in this case of the requirements of a § 922(g) violation, the district court instructed the jury that the government must have proven that:

<u>First</u>: That the defendant knowingly possessed a firearm, as charged;

<u>Second</u>: That before the defendant possessed the firearm, the defendant had been convicted in a court of an offense punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

<u>Third</u>: That the possession of the firearm was in commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another.

R. 1, 77-78. This court upheld nearly identical instructions in <u>United States v. Dancy</u>, 861 F.2d 77, 81 (5th Cir. 1988), and specifically determined that § 922(g) contains no element of <u>mens rea</u> as the defendant had asserted. The court upheld the district

court's instructions to the jury that it could find the defendant guilty under § 922(g) if it found that: 1) he had been convicted of a felony; 2) that thereafter he knowingly possessed a firearm; and 3) that his possession of the firearm was in or affecting interstate commerce. Id. Neither Staples nor Hooker address violations of § 922(g) and, thus, the courts' decisions do not dilute Dancy's holding that mens rea is not a required element of a violation of the statute. Clearly, no plain error was committed and Baker's conviction is

A F F I R M E D.