108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Detrick McPHERSON, Defendant-Appellant.
 No. 95-30330.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1997.*
Decided March 7, 1997.
 
 Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Detrick McPherson ("McPherson") appeals his jury conviction for conspiracy, armed bank robbery, and firearm use, claiming that he was denied a fair trial due to prosecutorial misconduct. Specifically, he alleges the following errors: (1) vouching for government witnesses; (2) admission of testimony regarding the underlying circumstances of his prior theft conviction; and (3) other misconduct in the form of leading questions, use of hearsay, and improper questions or comments. None of these alleged errors warrants reversal of McPherson's conviction.
 
 
 3
 First, the testimony of codefendants Diahann Bischoff ("Bischoff") and Joseph Wilson ("Wilson") did not constitute vouching. "References to truthfulness requirements in plea agreements do not constitute vouching when made in response to attacks on the witness's credibility because of the plea agreement." United States v. Wallace, 848 F.2d 1464, 1474 (9th Cir.1988). Because the defense here attacked both Bischoff's and Wilson's credibility in its opening statement, the prosecutor did not err by eliciting testimony about their plea agreements on direct examination. See, e.g., United States v. Monroe, 943 F.2d 1007, 1014 (9th Cir.1991) (no reversal required even though prosecutor elicited truthfulness requirement on direct exam because testimony was in response to defense's attack on witness's credibility in opening statement).
 
 
 4
 Moreover, the testimony of FBI agents Diane Drake and Dawn Ringer did not constitute vouching because they were not instances in which the prosecutor " 'place[d] the prestige of the government behind the witness' through personal assurances of the witness's veracity, or ... suggest[ed] that 'information not presented to the jury supports the witness's testimony.' " Wallace, 848 F.2d at 1473 (quoting United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980)). Indeed, the prosecutor was allowed to elicit testimony from agents Drake and Ringer in an attempt to rehabilitate Wilson and Bischoff, respectively, after they were impeached on cross-examination.
 
 
 5
 Second, the prosecutor's questioning of McPherson regarding the circumstances of his prior conviction for first-degree theft was not error. McPherson did not object to the prosecutor's questions about this prior conviction, and he admitted that he pleaded guilty to first-degree theft after the charge was reduced from robbery. In light of McPherson's testimony on direct and cross-examination that he did not commit violent crime, the prosecutor was entitled to impeach his testimony by inquiring into prior instances of conduct probative of his character for truthfulness. See, e.g., Fed.R.Evid. 608(b); United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir.1982), overruled on other grounds, United States v. Palafox, 764 F.2d 558 (9th Cir.1985) (en banc). Furthermore, McPherson chose to testify and put his nonviolent nature in dispute during direct and cross-examination; hence the prosecutor was entitled to cross-examine him "as to all matters reasonably related to the issues he put[s] in dispute...." United States v. Miranda-Uriarte, 649 F.2d 1345, 1353 (9th Cir.1981).
 
 
 6
 Even if we were to assume that the prosecutor's questioning of McPherson about the details of his prior theft conviction was error, it would not be plain error warranting reversal because it did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). While the district court here did not forbid the prosecutor from questioning McPherson about the circumstances of his prior first-degree theft conviction, ruling that the prosecutor could not use a police report to inquire about the underlying conduct but could question an independent witness to the incident, the prosecutor did neither and abandoned the subject. In addition, the judge gave a jury instruction stating: "References to crimes other than those for which the defendant was convicted may not be considered by you in determining the credibility of the defendant or for any other purpose."
 
 
 7
 Finally, the prosecutor's alleged use of leading questions, hearsay, improper questions, and comments did not deny McPherson a fair trial. McPherson did not object to most of the alleged instances of prosecutorial misconduct, and even if we were to assume that the prosecutor erred on one or more of these issues, any error would be, at best, marginal. The district court here placed stringent restrictions upon the government and frequently interrupted prosecutorial questions sua sponte. In light of his failure to object and the district court's efforts on his behalf, McPherson can hardly complain that he was denied a fair trial.
 
 
 8
 Moreover, the cumulative effect of the alleged errors does not warrant a reversal of McPherson's conviction. It is true that "[a]lthough individual errors looked at separately may not rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial as to require reversal." United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir.1993). Nevertheless, "while a defendant is entitled to a fair trial, he is not entitled to a perfect trial, for there are no perfect trials." United States v. Payne, 944 F.2d 1458, 1477 (9th Cir.1991) (quotations omitted). Because we have held that neither the prosecutor nor the district court erred, there is no cumulative error. Even if we were to assume that the prosecutor or the district court erred, any error would be marginal. Therefore, the cumulative effect of such error would not be so prejudicial as to warrant reversal. See, e.g., United States v. Karterman, 60 F.3d 576, 580 (9th Cir.1995) ("Because each error is, at best, marginal, we cannot conclude that their cumulative effect was 'so prejudicial' to [defendant] that reversal is warranted.").
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3