**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4322

FRANKLIN GERMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Chief District Judge.
(CR-95-386)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark C. Brandenburg, Charleston, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, Ben A. Hagood, Jr., Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Franklin German appeals from his conviction of possessing child pornography which had been mailed in violation of 18 U.S.C. §§ 2252(a)(4), (b)(2) (1994). German contends that the Government's sting operation was so outrageous that it violated due process. Finding no error, we affirm.

This case arises from a Government sting operation involving the distribution of pornographic materials. Postal Inspector James Charlton took control of a company which advertised sexually explicit video tapes in various magazines. In January 1992, Charlton received a letter from German requesting a brochure, which Charlton mailed. Thereafter, Charlton received a completed order form from German. Charlton and German then corresponded about where to deliver the requested video tapes but Charlton never mailed the tapes because German cancelled the order. Charlton promptly granted German's refund request and did not initiate further contact with German.

Several months later, Charlton received a letter from German requesting two video tapes. Charlton denied his request. Then in July 1993, Charlton received a letter from German indicating a renewed interest in doing business. Correspondence resumed and German placed another order. The postal service sent German a parcel delivery notice requesting that he call for delivery. When German did not pick up the parcel containing the video tapes, Charlton and other postal inspectors delivered the parcel to German's residence. Immediately after the delivery, the postal inspectors returned and obtained permission to search the residence. The inspectors found numerous pornographic videos. In addition to the child pornography videos delivered by Charlton, inspectors seized at least two other child pornography videos during the search.

German pleaded guilty to possession of three or more video tapes, which had been mailed, in violation of 18 U.S.C.§§ 2252(a)(4), (b)(2), and the district court sentenced him to probation with special conditions.

2

German contends on appeal that the Government's conduct during its sting operation was outrageous and therefore violated his due process rights. Specifically, German claims that the conduct was outrageous because inspectors personally delivered the video tapes to him. However, German forfeited appellate review of this issue, other than for plain error, by failing to raise it before the district court. See United States v. Olano, 507 U.S. 725, 733 (1993). Accordingly, this court's review is limited to determining whether the government's conduct seriously affects the "fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). Because we conclude that the conduct of the inspectors in personally delivering the video tapes clearly is not shocking or offensive to traditional notions of fundamental fairness, we find no plain error.

German's conviction is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3