112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy JOHNSON, aka Charles Johnson, Defendant-Appellant.
 No. 96-10141.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided April 25, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 At lunch during the last day of the trial, the assistant United States attorney prosecuting this matter discovered that the Supreme Court had issued Bailey v. United States, 116 S.Ct. 501 (1995) that morning, so the proposed instructions for the "using or carrying" a gun issue were incorrect. The AUSA and her colleagues should be complemented for their vigilance in discovering the new case so quickly.
 
 
 3
 Because of Bailey, the "use" theory dropped out of the case. Bailey left in the gun count only the issue of whether the defendant carried a gun during and in relation to the drug crime he committed. See 18 U.S.C. § 924(c)(1). Together with the trial judge, counsel for both parties fashioned an instruction under considerable time pressure that would fully advise the jury of the implications of the Supreme Court's ruling on Johnson's case. Unfortunately, the new instruction contained one error: in subsection 2 it states "The defendant, himself, knowingly carried a gun in relation to that crime." A correct statement would have been that "The defendant, himself, knowingly carried a gun during and in relation to that crime." Arguably the error was invited, because defendant's counsel participated in drafting the instruction, and so the error may be unreviewable. Nevertheless, we review here for plain error and affirm. Fed.R.Crim.P. 52(b); United States v. Olano, 507 U.S. 725, 733 (1993).
 
 
 4
 We are unconvinced that this error was plain. No one, counsel or the court, noticed it until two days before argument. Twice the "during and in relation to" element was stated correctly in the two instructions on the issue. The lawyers and the judge all did as careful a job as could be expected in the circumstances, and the error was not plain to any of them. It is obvious once someone points it out, but subtle enough not to have been noticed, and was not plain.
 
 
 5
 As an alternative ground for affirming, assuming the error is plain, we exercise our discretion to disregard it because it was not brought to the attention of the district court, and does not harm the fairness, integrity or public reputation of judicial proceedings. Olano holds that Federal Rule of Criminal Procedure 52(b) is "permissive, not mandatory." 507 U.S. at 735. We may conclude that a forfeited error is plain and affects substantial rights, but we need not reverse if the error does not " 'seriously affect [ ] the fairness, integrity or public reputation of judicial proceedings.' " Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157 (1936)). The "during" aspect of the crime was instructed on earlier in 27 and 27a, and the likelihood of jury confusion or error on this point is, in the factual and instructional context, negligible.
 
 
 6
 The trial judge also did not abuse his discretion in admitting Dunn's lay opinion testimony. His opinion was rationally based on his perceptions and helpful in understanding the rest of his evidence. Fed.R.Evid. 701.
 
 
 7
 The trial judge did not abuse his discretion in letting Shaefer testify. The relevance of Agent Shaefer's opinion testimony declined once Johnson's "use" of the weapon was no longer an issue in the case, because "carry" requires the gun to be "on or about his or her person" and thus "immediately available for use by the defendant." United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996). But the evidence was still relevant to whether the weapon was carried "during and in relation to" drug trafficking. See 18 U.S.C. § 924(c)(1).
 
 
 8
 Nor is it clear that any unfair prejudice to Johnson outweighed the relevance of the evidence. Fed.R.Ev. 403.
 
 
 9
 The evidence was sufficient to show Johnson was guilty of all the elements of each crime charged.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3