**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4826

BERNARD ANTHONY BEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-98-386-AMD)

Submitted: August 15, 2000

Decided: September 5, 2000

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jack B. Rubin, JACK B. RUBIN, P.A., Baltimore, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Martin J.
Clarke, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury found Bernard Anthony Bey guilty of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994). On appeal, Bey contends that: (1) the district court erred by admitting evidence of a police scanner, and (2) the prosecutor unfairly vouched for the credibility of two witnesses and misled the jury during closing and rebuttal arguments. Finding no reversible error, we affirm.

The evidence at trial showed the following. Bey was one of three passengers in a car driven by Chester Stone. The car was stopped by Baltimore City Police Officer Darren Belechto after it went through a red light. Stone told Belechto he did not have a driver's license. Belechto next observed the front right passenger search the glove compartment. Belechto further observed Bey, from the right rear passenger side, offer his driver's license. Belechto called for assistance and subsequently asked the passengers to exit the car. The police seized guns from every passenger except Bey. Belechto seized a handgun from the rear seat of the car six inches from where Bey was seated at the time of the stop. Each handgun was loaded with a bullet in the chamber. Belechto also seized a police scanner from the rear passenger floor board.

"A district court's evidentiary rulings are entitled to substantial deference" and "will not be disturbed absent a clear abuse of discretion." United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992) (internal quotation marks omitted). "The trial court has broad discretion in ruling on questions of relevancy and in balancing the probative value of relevant evidence against any undue prejudice." United States v. Zandi, 769 F.2d 229, 237 (4th Cir. 1985). We find that the district court did not abuse its discretion by admitting the police scanner as evidence.

During closing and rebuttal arguments, the prosecutor expressed an opinion as to the veracity of two witnesses. Because Bey did not object to the prosecutor's statements, we review for plain error. See United States v. Lipford, 203 F.3d 259, 271 (4th Cir. 2000). To find

2

plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) if the first three conditions are met, the reviewing court must determine that the forfeited error "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Olano, 507 U.S. 725, 732-37 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). A prosecutor's remarks regarding the veracity of a witness will not warrant a new trial unless the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Loayza, 107 F.3d 257, 262 (4th Cir. 1997) (internal quotation marks and citation omitted). Several factors the court should look at are:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

United States v. Adam, 70 F.3d 776, 780 (4th Cir. 1995).

In the instant case, the comments regarding the witness' veracity were not extensive. One statement occurred during the closing argument, and the other statement occurred during the rebuttal argument. There was substantial proof establishing that a gun was found in the back seat of the car next to where Bey was seated and that Bey had constructive possession of the weapon. Furthermore, the prosecutor preceded each statement regarding the truthfulness of the witnesses with a review of the evidence that the jury observed and heard. Thus, the jury was afforded the opportunity to consider the basis for the prosecutor's statements. Accordingly, we find there was no error because the statements did not deny Bey a fair trial.

The prosecutor also reviewed the evidence and suggested the intended purpose of the four men prior to being stopped by Belechto. We find the prosecutor's remarks were proper and did not deny Bey a fair trial.

3

Accordingly, we affirm Bey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4