# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 99-40748
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ESTANISLADO MONTALVO-TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
No. CR-L-98-904

_____

November 22, 2000

Before: GOODWIN[1], GARWOOD and JONES, Circuit Judges.

PER CURIAM:[2]

Estanislado Montalvo-Torres appeals his conviction for possession with

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

[2] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

intent to distribute approximately 129 pounds of marijuana. Montalvo argues that the district court's questioning of him during his trial deprived him of a fair trial because it improperly influenced the jury's determination of his credibility. We agree.

Because Montalvo did not object to the district court's questioning, review is for plain error. This Court may correct forfeited errors only when the appellant shows the existence of an error, that the error was clear or obvious, and that the error affected his substantial rights. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Even if these factors are established, the Court will not exercise its discretion to correct a forfeited error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." See United States v. Olano, 507 U.S. 725, 735-36 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

At times the judge's questioning of the defendant gave an appearance of partiality toward the prosecution's case. The court questioned Montalvo extensively about his claim that his fear of the the drug dealers caused him to transport the marijuana:

> The Court: Why didn't you simply tell the people at the Border Patrol, "Those people in that car"-- certainly you knew what kind of car they were driving– "they forced me to

|  |  |
|---|---|
|  | have this marijuana?" |
| Montalvo: | I was again feeling fear for my security and my family at that time. |
| The Court: | Did you ever feel any fear about being charged with a hundred some-odd pounds of marijuana? |
| Montalvo: | Yes. |
| The Court: | But it wasn't as much fear as you had– as would regard those other persons? |
| Montalvo: | No. |

Later, the judge seemed determined to drive home the idea that the defendant had given inconsistent accounts of his experience.

|  |  |
|---|---|
| The Court: | Okay. But where you picked up the controlled substance, the drugs, and how that took place would not have required you to reveal the names of the persons, would it have? |
| Montalvo: | They were asking for it. |
| The Court: | Oh, well, how could they be asking for names if you had told them it was all yours? |
| Montalvo: | I never said it was all mine. I said I was being paid. |
| The Court: | Did you not at one time tell somebody it was yours? |
| Montalvo: | No. |
| The Court: | No one? |
| Montalvo: | No. |
| The Court: | You never said, "It's mine?" |
| Montalvo: | No. |
| The Court: | Okay. Why did you tell different stories to different people? |

These exchanges demonstrate the district court's apparent disbelief of Montalvo's defense.

The district court asked similarly skeptical questions of other defense

witnesses.  After Montalvo's wife had testified about her husband's church attendance and strong moral character, the judge asked: "Ma'am, if he is all these things your attorney keeps asking him about, why would he allow himself to be used?" After Montalvo's friend testified that he saw Montalvo enter a truck with the drug dealers, the court again interjected in a seemingly adversarial manner.

| The Court: | Why didn't you do anything about it? |
| Witness: | The reason I didn't do anything about it [is] because I am a calm person.  I believe in- [t]he Bible says patience is a virtue.  Patience is a virtue.  I am a patient man.  I don't jump into action like other people.  I sort of like tend to wait.  I tend to wait. |
| The Court: | Do we read the same Bible? |

Again, the judge's questions give room for the interpretation that he did not believe the defense's story.

In United States v. Saenz, 134 F.3d 697 (5th Cir. 1998), we reversed the defendant's conviction because the judge, in fact the same judge whose questioning is at issue here, questioned the defendant in a manner that amounted to plain error. As here, in Saenz, the judge took over the interrogation of the defendant when the latter testified on his own behalf.  See id.  at 709-12.  We held that the court's questioning had the effect of expressing the judge's disbelief in the defendant's explanation of events.  See id. at 710-13.  The judge's questioning of Montalvo

likely had the same effect in this case– that of expressing the judge's disbelief in Montalvo's coercion defense-- an effect likely not lost on the jury.  We express no opinion on the merits of the defense.

Defense counsel's hesitation to make timely objections while a district court is questioning a witness is sometimes understandable, but risks forfeiture of review.  In this case, the plain error rule should not be rigorously employed to prevent review.  The court's extensive questioning of Montalvo could have given the jury the impression that the judge did not believe Montalvo's testimony.  That  was plain error.

REVERSED and REMANDED.