UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    v.                         No. 02-5001

JUDITH BARFIELD CARTER,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-01-141-3-MU)

Submitted: July 24, 2003

Decided: July 31, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

———————————————————————

Affirmed by unpublished per curiam opinion.

———————————————————————

**COUNSEL**

Anthony G. Scheer, RAWLS, DICKINSON & SCHEER, P.A., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jack M. Knight, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Judith Barfield Carter appeals the district court's order sentencing her to fifty-four months imprisonment for uttering forged securities in violation of 18 U.S.C. § 513(a) (2000). Having reviewed Barfield's claims, we affirm.

Barfield first claims that the district court erred in departing upward from the applicable sentencing guidelines range. Our review of the record discloses that the upward departure was justified on several grounds. Barfield's criminal activity resulted in "reasonably foreseeable, substantial non-monetary harm" to her former employer. *U.S. Sentencing Guidelines Manual* § 2F1.1, comment. (n.11(a)) (2000). It also facilitated the continued distribution of cocaine to Barfield's son. *See* USSG § 2F1.1, comment. (n.11(b)). Accordingly, we find that the district court did not err in upwardly departing from the applicable sentencing guideline range.*

Barfield also claims that the district court erred by failing to notify her of each potential ground warranting an upward departure. Because this claim was not raised below, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993). Barfield was notified of the possibility of an upward departure both by the presentence investigation report and by the district court when it declined to accept the plea agreement. Furthermore, our review of the record does

_____

*We note that, while Carter's appeal was pending, Congress enacted legislation changing the standard of review applicable to departure decisions under the sentencing guidelines. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(d), 117 Stat. 650, 670. We need not decide whether the provisions of the PROTECT Act apply to Carter's case because we would affirm under the new standard of review or the more deferential standard applicable before the Act.

not disclose any evidence that the district court's consideration of several factors to support an upward departure amounted to error, much less error that "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). Accordingly, we deny this claim.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3