**Jason WOODS, Appellant,**

v.

**GOVERNMENT OF the VIRGIN ISLANDS.**

No. 06–4476.

United States Court of Appeals, Third Circuit.

Argued on Dec. 11, 2007.

Filed April 16, 2008.

**192**

David J. Cattie, Esquire, (Argued), Ogletree Deakins Nash Smoak and Stewart, L.L.C., St. Thomas, USVI, for Appellant.

Vincent F. Frazer, Esquire, Attorney General, Elliott M. Davis, Esquire, Solicitor General, Maureen Phelan, Esquire, Assistant Attorney General, Tiffany V. Robinson, Esquire, (Argued), Assistant Attorney General, Department of Justice, St. Thomas, USVI, for Appellee.

Before: SMITH, NYGAARD and ROTH, Circuit Judges.

OPINION

ROTH, Circuit Judge:

Jason Woods was convicted in the Superior Court of the Virgin Islands of two counts of third degree assault and one count of using a dangerous weapon during a third degree assault, in connection with an alleged attack with a baseball bat on Dwight Rouse. Woods was sentenced to two years for each assault charge and seven-and-a-half years for the weapon charge, to be served concurrently. Woods appealed to the Appellate Division of the District Court for the Virgin Islands. His conviction was affirmed. Woods then appealed to this Court. For the reasons set forth below, we will reverse the conviction, vacate the sentence, and remand this case to the Superior Court for further proceedings consistent with this opinion.

## I. *Background and Procedural History*

The trial in this case lasted approximately two days, including jury selection and closing arguments. The primary evidence against Woods at trial consisted of the testimony of his alleged victim, Rouse. The arresting officer and the custodian of records at the hospital where Rouse was treated also testified. No witnesses to the alleged attack testified, although apparently there were witnesses present. Woods testified in his own defense, claiming that he had hit Rouse in self-defense after Rouse drew a knife.

Among other issues, Woods challenges the prosecutor's references during trial to Woods' post-arrest silence. During the course of the trial, the prosecutor referred multiple times to Woods' post-arrest silence. These statements occurred during the prosecutor's examination of the arresting officer, his cross-examination of

Woods, his closing argument, and his rebuttal argument. The prosecutor contended that Woods' failure to raise his self-defense claim earlier suggested that it was a "recent fabrication."

Woods' counsel failed during trial to object to any of these remarks or to request a curative instruction. Moreover, no such instruction was provided although the judge did instruct the jury regarding self-defense and regarding the fact that attorney argument is not evidence.

## II. *Analysis*

The District Court had jurisdiction to review the final judgment and order of the Superior Court. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33–40, and reinstating appellate jurisdiction in the District Court); Revised Organic Act of 1954, § 23A; 48 U.S.C. § 1613a. We have jurisdiction under 28 U.S.C. § 1291.

Because Woods did not raise the issue of the prosecutor's comments about his silence before the trial court, he must demonstrate plain error under Federal Rule of Criminal Procedure 52(b). *United States v. Hart*, 273 F.3d 363, 371 (3d Cir.2001). Woods "must show that (1) an error was committed; (2) the error was plain; and (3) the error affected [his] substantial rights." *Id.* (internal quotations omitted). "[I]n most cases, [the limitation that the plain error must have affected substantial rights] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

We have recognized that "[t]he plain error exception is to be used sparingly...." *Government of the Virgin Islands v. Mujahid*, 990 F.2d 111, 116 (1993). "The discretion conferred by Rule 52(b) should be employed in those circumstances in which a miscarriage of justice would otherwise result...." *Olano*, 507 U.S. at 736, 113 S.Ct. 1770 (internal quotations omitted). "The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)).

We do not apply a rigid test for determining plain error. *Mujahid*, 990 F.2d at 116. Rather, we "consider on a case-by-case basis such factors as the obviousness of the error, the significance of the interest protected by the rule that was violated, the seriousness of the error in the particular case, and the reputation of judicial proceedings if the error stands uncorrected— all with an eye toward preventing manifest injustice." *Id.* (internal quotations omitted).

*Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), established the rule "that the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." *Id.* at 619, 96 S.Ct. 2240.[1] "Deviation from a legal rule is 'error.'" *Olano*, 507 U.S. at 732–33, 113 S.Ct. 1770.

The prosecutor's references to Woods' post-arrest silence violated the prohibition established by *Doyle*.[2] The prosecutor challenged Woods' decision not to tell any-

---

1. The right recognized in *Doyle* applies to federal prosecutions as well, under the Fifth Amendment. *United States v. Balter*, 91 F.3d 427, 439 n. 9 (3d Cir.1996).

2. Although, as the District Court noted, the record does not establish whether or not Woods in fact received his *Miranda* warnings at the time of his arrest, the Government of

one (other than his attorney) about Rouse pulling a knife at any time prior to trial, including after he was arrested. However, Woods's silence prior to trial was not "blatantly inconsistent" with his testimony that he attacked Rouse with a bat only after Rouse drew a knife. *See Hassine v. Zimmerman,* 160 F.3d 941, 948 (3d Cir.1998) ("As [footnote 11 in *Doyle* ] makes clear, 'to be admissible, keeping silence must be much more than ambiguous. It must appear to be an act blatantly inconsistent with the defendant's trial testimony.'" (quoting *United States v. Fairchild,* 505 F.2d 1378, 1382 (5th Cir.1975))). Woods' silence, however, could rather have been premised on the assurance of the *Miranda* warnings that his silence would not be used against him. *See Brecht v. Abrahamson,* 507 U.S. 619, 629, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

The prosecutor's error in referring to Woods' post-arrest silence affected not only Woods' substantial rights, but also the fairness of judicial proceedings. The evidence against Woods was the testimony of Rouse that Woods attacked him. Essentially, the jury was required to decide whether they believed Woods or Rouse.

We agree with the District Court that the prosecutor's conduct in this case "[was] beneath the level of propriety expected of the government." *Woods v. Government of the Virgin Islands,* D.C.Crim.App. No. 2004–88, 2006 WL 2403314, at \*6, 2006 U.S. Dist. LEXIS 59,367 (D.V.I. Aug. 18, 2006) at \*19. The prosecutor repeatedly suggested during the course of a roughly two-day trial that Woods' failure to declare the substance of his self-defense testimony

the Virgin Islands has not argued to this Court that he did not.

**3.** We find without merit Woods' argument that the evidence was insufficient to support a conviction because the prosecution failed to establish that a baseball bat is a "deadly weapon."

meant that he had fabricated it. These repeated and unchecked comments undermined the crux of Woods' defense, *i.e.,* that he acted in self-defense. In light of the fact that this case turned on the respective credibility of Rouse and Woods, we find that the prosecutor's discrediting of Woods via a *Doyle* error probably affected the outcome and resulted in a miscarriage of justice. Accordingly, we will reverse Woods's conviction. *See Mujahid,* 990 F.2d at 116.[3]

### III. *Conclusion*

For the reasons set forth above, we will **reverse the judgment of conviction** of the District Court and **remand this case to the Superior Court for further proceedings** consistent with this opinion.

Because we will reverse Woods' conviction based on the *Doyle* error, we will not rule on the other issues he raises on appeal. We note, however, that the prosecutor's comments, which Woods argues constituted impermissible vouching, appear close to the line of impropriety.