**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3226 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00692-DMS-1 |
| v. | |
| JOHNNY ERNEST SILVA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted December 3, 2025
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Defendant-Appellant Johnny Ernest Silva appeals his convictions for

illegally smuggling undocumented individuals in violation of 8 U.S.C.

§ 1324(a)(2)(B)(ii)–(iii). We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

On December 8, 2022, Silva was detained at the San Ysidro Port of Entry at

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the U.S.-Mexico border, after Customs and Border Patrol (CBP) officers discovered two men hiding in Silva's 2007 Ford Explorer SUV. Silva was charged and subsequently convicted of four counts of illegally smuggling undocumented individuals in violation of 8 U.S.C. § 1324(a)(2)(B)(ii)–(iii)—two counts based on Cesar Armando Ambriz-Gabriel (Counts 1 and 3) and two counts based on Jorge Luis Tapia-Martinez (Counts 2 and 4), the men concealed in Silva's SUV.

1.    Silva first argues that the district court erred in denying his motion for acquittal on Counts 2 and 4 under Federal Rule of Criminal Procedure 29 because the evidence of Tapia-Martinez's alienage was legally insufficient. Because Silva did not renew his motion for acquittal at the close of all evidence, we review for plain error. *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1200–01 (9th Cir. 2000); *see also United States v. Cruz*, 554 F.3d 840, 843–45 (9th Cir. 2009) (observing that, in practice, there is little to no difference between de novo and plain error review when assessing the sufficiency of the evidence).

Viewing the evidence in the light most favorable to the prosecution, the United States adduced sufficient evidence at trial for a rational juror to find that Tapia-Martinez was an alien with no lawful right to enter or remain in the United States. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). This evidence includes Officer Gabriela Nicasio's testimony that: (1) she queried the immigration databases maintained by the Department of Homeland Security

(DHS) and confirmed that Tapia-Martinez did not "have any legal right to enter or remain within the United States," (2) Tapia-Martinez was deported "pursuant to the United States immigration laws," and (3) Tapia-Martinez attempted to enter the United States inside the hidden compartment of Silva's SUV. *See United States v. Hernandez-Orellana*, 539 F.3d 994, 1003 (9th Cir. 2008) (holding that "[t]he conditions in which the aliens were found" may create an inference of alienage). Additionally, Silva's testimony that a person who is a United States citizen or lawful permanent resident would not need to hide in a metal compartment to enter the United States and the parties' stipulation concerning Ambriz-Garbiel's alienage also support an inference of Tapia-Martinez's alienage. *See United States v. Noriega-Perez*, 670 F.3d 1033, 1038–39 (9th Cir. 2012) (explaining that evidence of one individual's alienage can constitute circumstantial evidence of another individual's alienage where they were similarly situated in attempting to enter the United States). Thus, the district court did not err, let alone plainly err, in denying Silva's Rule 29 motion for acquittal.

2. Silva also challenges the admission of Officer Nicasio's testimony concerning her out-of-court examination of DHS records on hearsay grounds. Because Silva did not raise a timely hearsay objection, we review for plain error. *See United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014). Even assuming the district court's failure to strike Officer Nicasio's testimony as hearsay qualifies

as "plain error," Silva has not demonstrated that this error affected his substantial rights, nor that it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). Had this testimony been excluded, there is other evidence in the record from which a jury could infer Tapia-Martinez's alienage, including: Officer Nicasio's other statements, Silva's testimony, and the Ambriz-Gabriel stipulation.[1] Thus, the district court did not err, let alone plainly err, in admitting Officer Nicasio's testimony over Silva's untimely hearsay objection.

3. Finally, Silva argues the district court abused its discretion in admitting expert testimony from Officer Carlo Nazareno on the *modus operandi* of alien smuggling organizations over his Federal Rule of Evidence 401 and 403 objections. We review the district court's decision to admit or exclude expert testimony for abuse of discretion. *United States v. Velazquez*, 125 F.4th 1290, 1293 (9th Cir. 2025).

In alien smuggling prosecutions, expert testimony may be used to assist the jury in understanding the structure and methods of smuggling operations. *United*

---

[1] Plain error review is meant "to correct only 'particularly egregious errors,'" *United States v. Young*, 470 U.S. 1, 12–13, 15 (1985) (quoting *United States v. Frady*, 456 U.S. 152, 163 (1982)), and any error here is not "particularly egregious" because Silva intended to concede the element of Tapia-Martinez's alienage as stipulated by the parties.

*States v. Mejia-Luna*, 562 F.3d 1215, 1219 (9th Cir. 2009); *United States v. Lopez-Martinez*, 543 F.3d 509, 514–15 (9th Cir. 2008). In non-conspiracy cases, there must be some evidence supporting the defendant's involvement in the operation for the expert testimony to be relevant and thus admissible. *See United States v. Vallejo*, 237 F.3d 1008, 1015–16 (9th Cir. 2001) (holding that expert testimony regarding the structure of drug trafficking organizations was improper where "Vallejo was not charged with conspiracy to import drugs; nor did the Government introduce any evidence establishing a connection between Vallejo and a drug trafficking organization"), *amended by*, 246 F.3d 1150 (9th Cir. 2001).

Here, sufficient evidence exists connecting Silva to the alien smuggling operation such that the district court did not abuse its discretion in deeming Officer Nazareno's testimony relevant. For example, the jury heard testimony that Silva took his recently acquired SUV to be repaired just two days before his arrest, and he picked up the SUV hours before his arrest. Silva also testified that in the days leading up to his arrest, he crossed the border on three occasions and within minutes after each crossing called the individual who sold him the SUV and orchestrated its repair. Further, the Ambriz-Gabriel stipulation also supports the inference that Silva was connected to a smuggling organization. Because the United States presented evidence connecting Silva to an alien smuggling operation, the district court did not abuse its discretion in deeming Officer Nazareno's

testimony relevant.

The district court also did not abuse its discretion in overruling Silva's Rule 403 objection. The district court properly determined that the testimony helped the jury understand alien smuggling operations generally and it was probative of Silva's role as the driver in the scheme and his "unknowing courier" defense. The district court also alleviated the risk of unfair prejudice by limiting the scope of Officer Nazareno's testimony and precluding any opinion on Silva's knowledge specifically.

**AFFIRMED**.[2]

---

[2] Silva's motion for release pending appeal (Dkt. 59) is denied as moot.